# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

Plaintiff,

   MATTHEW PENSO,

     vs.

Defendants,

   PORT AUTHORITY OF NEW YORK AND
NEW JERSEY, BOMBARDIER
TRANSPORTATION (HOLDINGS) USA
INC., and JOHN DOE COMPANY #1-5
(fictitious name).

               .

Case No. 2:23-cv-00474-SDW-JBC

---

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

---

ELEFTERAKIS, ELEFTERAKIS & PANEK
Office and Post Office Address:
80 Pine Street, 38th Floor
New York, New York 10005
Tel.: (212) 532-1116
Fax: (212) 532-1176
*Attorneys for Plaintiff, Matthew Penso*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..................................................................................1

STATEMENT OF FACTS .........................................................................................2

    I.    FACTUAL BACKGROUND.................................................................3

    II.    PROCEDURAL BACKGROUND ........................................................4

ARGUMENT ...........................................................................................................6

    I.    UNDER THE LIBERAL STANDARD APPLIED TO MOTIONS FOR LEAVE TO AMEND, THE COURT SHOULD GRANT PLAINTIFFS' MOTION ......................................6

    II.    PLAINTIFFS SHOULD BE GRANTED LEAVE TO FILE THEIR FIRST AMENDED COMPLAINT BECAUSE THERE HAS BEEN NO UNDUE DELAY, BAD FAITH, OR DILATORY TACTICS BY PLAINTIFFS...........................................8

    III.    PLAINTIFFS' MOTION FOR LEAVE TO AMEND SHOULD BE GRANTED BECAUSE DEFENDANT WILL NOT BE UNDULY PREJUDICED.................................................................11

    IV.    THE COURT SHOULD GRANT LEAVE BECAUSE PLAINTIFFS' AMENDMENT IS NOT FUTILE...............................12

CONCLUSION ......................................................................................................16

i

# TABLE OF AUTHORITIES

**Cases**                                                                                               **Page(s)**

*Adams v. Gould, Inc.*,
  739 F.2d 858 (3d Cir. 1984) ..................................................................................7

*Antoine v. KPMG Corp.*,
  No. CIV. A. 08-6415, 2010 WL 147928 (D.N.J. Jan. 6, 2010)............................7

*Arthur v. Maersk, Inc.*,
  434 F.3d 196 (3d Cir. 2006) ....................................................................... 7, 9, 10

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)............................................................................................ 13

*Astrazeneca AB v. Perrigo Co. PLC*,
  No. CIV. A. 15-1057, 2015 WL 8483298 (D.N.J. Dec. 9, 2015).......................12

*Bechtel v. Robinson*,
  886 F.2d 644 (3d Cir. 1989) ..................................................................................8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 570 (2007)......................................................................................8

*Berg v. Reaction Motors*,
  37 N.J. 396 (1962), 181 A.2d 487 ..................................................................14, 16

*In re Burlington Coat Factory Sec. Litig.*,
  114 F.3d 1410 (3d Cir. 1997) .............................................................................13

*Del Sontro v. Cendant Corp.*,
  223 F. Supp. 2d 563 (D.N.J. 2002)...................................................................... 6

*E85 Inc. v. CIMID Corp.*,
  Civ. A. No. 08-4411 (FSH) (MAS), 2009 WL 10690054 (D.N.J.
  Sept. 8, 2009) ...................................................................................................... 6

*Foman v. Davis*,
  371 U.S. 178 (1962) ............................................................................................. 7

*General Motors v. United States,*
No. CIV. A. 01-CV-2201, 2005 WL 548266 (D.N.J. Mar. 2, 2005) .................. 11

*Ghobrial,*
2012 WL 893079, at *3 .................................................................................... 11

*Grayson v. Mayview State Hosp.,*
293 F.3d 103 (3d Cir. 2002) ............................................................................... 7

*Harrison Beverahe Co. v. Dribeck Importers, Inc.,*
133 F.R.D. 463, 468 (D.N.J. 1990) .............................................................. 13, 16

*Long v. Wilson,*
393 F.3d 390 (3d Cir. 2004) ............................................................................. 11

*Marlowe Patent Holdings LLC v. Dice Elecs,*
293 F.R.D. 688 (D.N.J. 2013) ...................................................................... 11, 13

*Nappe v. Anschelewitz,*
97 N.J. 37 (1984), 477 A.2d 1224 ..................................................................... 14

*Prudential Ins. Co. of Am. v. U.S. Gypsum,*
711 F. Supp. 1244 (D.N.J. 1989) ...................................................................... 12

*Pharmaceutical Sales and Consulting Corp. v.*
*J.W.S. Delavau Co., Inc.,*
106 F. Supp. 2d 761, 764 (D.N.J. 2000) ........................................................... 13

*Shane v. Fauver,*
213 F.3d 113 (3d Cir. 2000) .............................................................................. 13

*Skelcy v. UnitedHealth Grp.,*
No. CIV. A. 12-01014, 2012 WL 6087492 (D.N.J. Dec. 6, 2012) .................... 11

*Voilas v. General Motors Corp.,*
173 F.R.D. 389 (D.N.J. 1997) ........................................................................... 11

**Statutes**

Fed. R. Civ. P. 15 ................................................................................................ 6

N.J.S.A. 2A:15-5,12(c) ...................................................................................... 14

**Other Authorities**

Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal
Practice & Procedure § 1484 (3d. ed. 2017) ........................................................ 6

Wright, Miller and Kane, Federal
Practice & Procedure § 1487 (2d. ed. 1990) ...................................................... 16

Plaintiff, Matthew Penso, ("Plaintiff") respectfully submits this memorandum of law in support of his motion pursuant to Federal Rule of Civil Procedure 15(a) for leave to file his First Amended Complaint.

## **PRELIMINARY STATEMENT**

This lawsuit arises from an incident that occurred on or about December 15, 2021, when the Plaintiff, Matthew Penso, who was a lawful business invitee and passenger aboard the AirTrain at the Newark Liberty International Airport, was caused to become seriously and permanently injured, when the AirTrain came to an abrupt stop and then instantaneously went into reverse, causing him to be violently thrown about the AirTrain car and fall.

The aforesaid incident was due solely and wholly as a result of the careless, reckless, and negligent manner in which the defendant, Bombardier, owned, operated, maintained, controlled, managed, leased, supervised, repaired, inspected, constructed, and designed, the aforesaid AirTrain located at Newark Liberty International Airport, without the plaintiff in any way contributing thereto.

The AirTrain at Newark Liberty international Airport became operational in 1996 and had an estimated lifespan of twenty-five (25) years, which would have required replacement of the system by 2021. Plaintiff

1

was injured at the end of 2021, as a result of the faulty, inadequate, and antiquated system that Defendant, Bombardier operated, inspected, maintained, and controlled since at least 2012.

The acts and/or omissions of the Defendant, Bombardier, were so reckless, wanton, and willfully negligent, so as to put the safety of the public at large, including the plaintiff herein, at great risk for a substantial and abnormally extended amount of time. As a result of the delay by Defendant, Bombardier, Plaintiff was seriously and permanently injured.

As set forth more fully below, Plaintiff's motion for leave to amend is made in good faith and should be granted, as the severe and devastatingly disabling nature of Plaintiff's injuries could have been avoided, had the Defendant, Bombardier, acted timely and responsibly in its operation, inspection, maintenance, and control of the AirTrain at Newark Liberty International Airport.

## STATEMENT OF FACTS

The facts relevant to this action are fully set forth in Plaintiffs' First Amended Complaint. Those facts, as pertain to the instant motion, are briefly set forth herein.

I.    **FACTUAL BACKGROUND**

On December 15, 2021, Plaintiff was a strong, healthy, and active twenty-seven (27) year old who was utilizing the AirTrain at the Newark Liberty International Airport, with his then fiancé, Amanda Stergas, while traveling to visit family. At the time of the incident, Plaintiff lived in Irvine California, with his former fiancé and entered into a domestic partnership, pursuant to the State of California's rules on said partnership. Today, he lives in Irvine, California with his parents, Marc and Nancy Penso, and his younger brother, Michael Penso. Because of the injuries he sustained in the incident of December 15, 2021, Plaintiff is completely dependent on his family and has great difficulty performing the simplest of daily living activities. Because of his injuries and resulting condition, Plaintiff's fiancé, Amanda Stergas, left the relationship and instituted an action in the State of California to dissolve the domestic partnership.

What should have been a routine trip to the East Coast, would instead become the beginning of Plaintiff's hellish ordeal, when he was caused to become severely and permanently injured while riding the AirTrain at the Newark Liberty International Airport, when the people mover system stopped short, jerking backwards and then forward, causing plaintiff to fall. The events that unfolded thereafter could not possibly have been imagined by the Plaintiff or his family. Once it became abundantly clear that Plaintiff's injuries would

be permanent and completely debilitating, Plaintiff consulted with his attorneys and brought the instant action.

Plaintiff seeks leave to file a First Amended Complaint to add a count for punitive damages based on certain facts that Plaintiff's counsel has uncovered and developed through further investigation and research, as more fully set forth herein. **Plaintiff's Proposed Amended Complaint is annexed hereto as Exhibit A.**

## II.  PROCEDURAL BACKGROUND

Plaintiff filed a Complaint in the Superior Court of New Jersey, County of Essex on December 12, 2022. **See Exhibit B**. Thereafter, Defendants filed a Notice of Removal to the United States District Court for the District of New Jersey. **See Exhibit C.** Defendant, Bombardier, filed its Answer on February 3, 2023. **See Exhibit D.**

Plaintiff sought Defendant, Bombardier's consent, via e-mail, to Amend his Complaint to add a count for punitive damages on September 11, 2023. **See E-Mail Correspondence annexed hereto as Exhibit E**. As of October 24, 2023, Defendant, Bombardier, had not responded to Plaintiff's request to file the Amended Complaint. **See E-Mail Correspondence annexed hereto as Exhibit F.**

On October 25, 2023, Gina Brignola, attorney for Bombardier

requested that Plaintiff's counsel contact her to discuss the Amendment and followed-up for supporting documents, which Plaintiff's counsel provided on October 30, 2023. **See E-Mail Correspondence annexed hereto as Exhibit G.**

On November 9, 2023, Matthew Major, attorney for Defendant, Bombardier, advised that his client did not consent to the Amendment and that he would forward documents that would debunk Plaintiff's theory in support of punitive damages. **See E-Mail Correspondence annexed hereto as Exhibit H.** Plaintiff's counsel did not receive the supporting documents from Defendant's counsel until January 4, 2024, with a note that further, related documents would be forthcoming. **See E-Mail Correspondence annexed hereto as Exhibit I.**

To date, Plaintiff has not received the further, related documents. Plaintiff's counsel has reviewed the documents that Defendant, Bombardier's counsel has provided thus far that purports to disfavor punitive damages. However, it is Plaintiff's position that the documents provided only bolster his theory in support of punitive damages. Accordingly, Plaintiff hereby moves for leave to amend his Complaint to add a count for punitive damages.

## **ARGUMENT**

### I.    UNDER THE LIBERAL STANDARD APPLIED TO MOTIONS FOR LEAVE TO AMEND, THE COURT SHOULD GRANT PLAINTIFF'S MOTION

Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be freely given when justice shall be served. *Fed. R. Civ. P. 15(a)(2)*. While courts are entrusted with broad discretion to decide motions to amend, they are to "heed the mandate of Rule 15(a) that amendments are to be granted freely in the interests of justice." *Voilas v. General Motors Corp.,* 173 F.R.D. 389, 396 (D.N.J. 1997) (internal citations and quotations omitted); *see also* 6 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice & Procedure § 1484, at 676 (3d. ed. 2017) ("Subdivision (a)(2) encourages the court to look favorably on requests to amend."). It is well established that a "'general presumption exists in favor of allowing a party to amend its pleadings.'" *E85 Inc. v. CIMID Corp.*, Civ. A. No. 08-4411 (FSH) (MAS), 2009 WL 10690054, at *1 (D.N.J. Sept. 8, 2009) (citing *Del Sontro v. Cendant Corp.*, 223 F. Supp. 2d 563, 576 (D.N.J. 2002)).

The standards to be applied by courts in considering motions to amend under Rule 15(a), are further set out as follows:

> Rule 15(a) pronounces that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. If the

underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent or declared reason, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should as the rules require, be 'freely given.' *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal citations omitted).

As interpreted by the Third Circuit, the standards of Rule 15(a) require that the District Court grant leave to amend in the absence of bad faith, undue delay, unfair prejudice, futility of amendment or dilatory motive. *Grayson v. Mayview State Hosp*., 293 F.3d 103, 108 (3d Cir. 2002); *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (stating that, generally, leave to amend should be granted unless it is unjust in the face of sound considerations). Hence, courts liberally grant leave to amend unless the amendment is motivated by bad faith or where it would be unduly prejudicial to the opposing party. *See Adams v. Gould, Inc*., 739 F.2d 858, 868-69 (3d Cir. 1984) (finding that the district court erred in failing to grant plaintiff leave to amend its complaint where there is a lack of bad faith and prejudice to defendants).

In order to sustain undue prejudice, a non-moving party must establish that "it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been

timely." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989).

Here, justice requires that Plaintiff be permitted to make this first amendment of his original complaint. Given the liberal standards set forth by Rule 15(a) and taking into account the "sound considerations", specifically, the want of bad faith and lack of prejudice to the Defendant, Bombardier, who will suffer no disadvantage or deprivation in the opportunity to present facts or evidence in support of its stance on punitive damages, Plaintiff is entitled to make such amendment.

## II.   PLAINTIFF SHOULD BE PERMITTED TO FILE HIS FIRST AMENDED COMPLAINT BECAUSE THERE HAS BEEN NO UNDUE DELAY, BAD FAITH, OR DILATORY TACTICS BY PLAINTIFF

Plaintiff should be granted leave to amend his complaint because there has been no undue delay, bad faith, or dilatory tactics by Plaintiff. As previously stated, Plaintiff filed his complaint in the Superior Court of New Jersey, County of Essex on December 12, 2022. **See Exhibit B**. A Notice of Removal to the United States District Court for the District of New Jersey was filed by the Defendant, Bombardier on January 26, 2023. **See Exhibit C.** On February 3, 2023, Defendant, Bombardier, filed its Answer. **See Exhibit D.**

Plaintiff sought Defendant, Bombardier's consent, via e-mail, to Amend his Complaint to add a count for punitive damages on September 11, 2023. **See E-Mail Correspondence annexed hereto as Exhibit E**. As of October

24, 2023, Defendant, Bombardier had not responded to Plaintiff's request to file the Amended Complaint. **See E-Mail Correspondence annexed hereto as Exhibit F.** On October 25, 2023, Gina Brignola, attorney for Bombardier requested that Plaintiff's counsel contact her to discuss the Amendment and followed-up for supporting documents, which Plaintiff's counsel provided on October 30, 2023. **See E-Mail Correspondence annexed hereto as Exhibit G.** On November 9, 2023, Matthew Major, attorney for Defendant, Bombardier, advised that his client did not consent to the Amendment and that he would forward documents that would debunk Plaintiff's theory in support of punitive damages. **See E-Mail Correspondence annexed hereto as Exhibit H.** Plaintiff's counsel did not receive the supporting documents from Defendant's counsel until January 4, 2024, with a note that further, related documents would be forthcoming. **See E-Mail Correspondence annexed hereto as Exhibit I.** To date, Plaintiff has not received the aforementioned further, related documents.

The Third Circuit has determined that a period of several months from the commencement of the action to the filing of a motion for leave to amend is not unreasonable. *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) ("Without discounting the expense involved in litigating a case for [several] months, only one appellate court uncovered in our research has

approved of denial of leave to amend based on a delay of less than one year."); *Antoine v. KPMG Corp.*, No. CIV. A. 08–6415, 2010 WL 147928 (D.N.J. Jan. 6, 2010) (allowing plaintiffs to amend their complaint even though plaintiffs' counsel knew of facts that would support their claim for over five months).

Here, Plaintiff first sought consent from Defendant, Bombardier, to amend his complaint on September 11, 2023; nine months after his original complaint was filed. Like the Third Circuit matter of *Arthur*, *supra*, less than one year had passed at the time of Plaintiff's request to Defendant, Bombardier, for consent to file his amended complaint. Defendant, Bombardier, denied Plaintiff's request for consent on November 4, 2023, premised upon the promise of documents that would dispel Plaintiff's theory favoring punitive damages, part of which Plaintiff's counsel received on January 4, 2024. **See Exhibit I**. Plaintiff has not yet received the further documents that defense counsel promised to send in his January 4, 2024, e-mail correspondence. **See Exhibit I**. Because there has been no undue delay, dilatory tactic, or bad faith on Plaintiff's behalf, his request for leave to amend should be granted.

### III.  PLAINTIFF'S MOTION FOR LEAVE TO AMEND SHOULD BE GRANTED BECAUSE THE DEFENDANT WILL NOT BE UNDULY PREJUDICED

Plaintiff's motion should be granted because Defendant, Bombardier, will not be unduly prejudiced. The burden of proof showing that an unfair disadvantage or deprivation would result if the amendment is permitted falls on the non-moving party. *Skelcy v. UnitedHealth Grp.*, No. CIV. A. 12-01014, 2012 WL 6087492, at *5 (D.N.J. Dec. 6, 2012).  In order to determine whether any prejudice exists, This Circuit considers whether the proposed amendment would: (1) require the nonmoving party to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the nonmoving party from bringing a timely action in another jurisdiction. *Marlowe Patent Holdings LLC v. Dice Elecs*, 293 F.R.D. 688, 695 (D.N.J. 2013). Whether undue delay arises depends on whether the proceedings will be delayed as a result of the amendment. *See Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *General Motors v. United States*, No. CIV. A. 01-CV-2201, 2005 WL 548266, at *3 (D.N.J. Mar. 2, 2005).

Here, discovery has not yet been completed and is in its early stages. Therefore, Defendant, Bombardier, will not have to expend additional resources that it had not yet contemplated to conduct discovery and/or to prepare for trial, since discovery recently commenced. *See Astrazeneca AB v.*

*Perrigo Co. PLC*, No. CIV. A. 15-1057, 2015 WL 8483298, at \*5 (D.N.J. Dec. 9, 2015) (since discovery was in its early stages, granting leave to amend was proper). Moreover, Plaintiff's amendment will result in no delay in the resolution of the dispute. Plaintiff seeks leave to add only one additional claim, for punitive damages, which requires a bifurcated trial, at which time the Defendant will have the opportunity to present facts and evidence to support its position. Thus, Defendant will not be prejudiced.

Defendant cannot demonstrate prejudice in the face of Plaintiff's amended complaint. Further, Plaintiff's request for an amendment of his complaint to add a count for punitive damages will not change the material allegations presented in the original complaint. Thus, the course of discovery shall not be disturbed by such amendment and no undue burden will befall the Defendant. *See Prudential Ins. Co. of Am. v. U.S. Gypsum*, 711 F. Supp. 1244, 1257 (D.N.J. 1989) (leave for motion to amend was granted because the material facts alleged in the proposed complaint were preserved). Because Defendant will not be unduly prejudiced, Plaintiff's motion for leave to amend his complaint should be granted.

## IV.    THE COURT SHOULD GRANT LEAVE TO AMEND BECAUSE PLAINTIFF'S AMENDMENT IS NOT FUTILE

Plaintiff's motion for leave to amend should be granted because the requested amendment is not futile. Futility in a proposed amendment is only

so if it is frivolous on its face or plainly fails to state a claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). *Marlowe Patent Holdings*, 293 F.R.D. at 695; *see also Ghobrial*, 2012 WL 893079, at *3; *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). In promulgating Federal Rule of Civil Procedure Rule 12, the Court undertakes an analysis as to whether a legal cause of action is apparent from the facts, taking all the pleaded factual allegations as true, as well as any reasonable inferences that could be drawn therefrom. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In light of the liberal standard for the amendment of pleadings, "courts place a heavy burden on opponents who wish to declare a proposed amendment futile." *Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau Co., Inc.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000) (citations omitted). If the "proposed amendment is not clearly futile, then denial of leave to amend is improper." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J.1990) (citations omitted); see also 6 Wright, Miller & Kane Federal Practice and Procedure, §1487 (2d ed. 1990). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal citations omitted).

In this case, Plaintiff is seeking leave to amend his complaint, for the

first time, to add a count for punitive damages. In determining whether to award punitive damages, consideration should be given to all relevant evidence, including but not limited to: (1) the likelihood, at the relevant time, that serious harm would arise from defendant's conduct; (2) defendant's awareness or reckless disregard of the likelihood that such serious harm would arise from defendant's conduct; (3) consider the conduct of defendant upon learning that his/her/its initial conduct would likely cause harm; and (4) consider the duration of the conduct or any concealment of that conduct by defendant. *See N.J.S.A. 2A:15-5.12(c).* This list is not exhaustive of the evidence that may be taken into consideration when determining the appropriateness of punitive damages.

The type of conduct that will warrant an award of punitive damages may vary but must include conduct that is "intentional wrongdoing, whether an `evil-minded act' or an act accompanied by a wanton and willful disregard of the rights of another." *Nappe v. Anschelewitz,* 97 N.J. 37 (1984), 477 A.2d 1224. "[T]he requirement may be satisfied upon a showing that there has been a deliberate act or omission with knowledge of a high degree of probability of harm and reckless indifference to consequences." *Berg v. Reaction Motors,* 37 N.J. 396 (1962), 181 A.2d 487.

Plaintiff in this case contends that Defendant, Bombardier's failure to

properly and timely inspect and replace the AirTrain at Newark Liberty International Airport does constitute willful and wanton disregard for the safety of its patrons, including the Plaintiff, Matthew Penso, and that said conduct rises to the level of "a deliberate act or omission with knowledge of a high degree of probability of harm and reckless indifference to consequences." *Id*. Despite numerous calls, by various agencies, for the replacement of the AirTrain at Newark Liberty international Airport, beginning in at the very least 2017, two years prior to Plaintiff's incident and onset of injury, Bombardier has yet to replace the antiquated AirTrain system which had an initial expiration date of 2021; the year Plaintiff was severely and permanently injured. **See articles annexed hereto as Exhibit J**.

Further, on or about April 11, 2021, a full eight (8) months before Plaintiff's incident, another patron was injured riding the AirTrain at Newark Liberty international Airport in a manner similar to the way that Plaintiff was caused to become injured. **See complaint in the matter of Drejaj v. Bombardier, et al, annexed hereto as Exhibit K**. Surely, Defendant, Bombardier, should have had awareness of the likelihood that such serious harm would arise from their failure to replace the expired and failing AirTrain system, given the outcry of agencies, media, and governmental figures, as well as the prior similar incident. **See Exhibits J and K**. This blatant disregard for

15

the safety of its patrons arises to the level of "a deliberate act or omission with knowledge of a high degree of probability of harm and reckless indifference to consequences." *Berg, supra* at 414.

In light of the above, it is Plaintiff's position that given the above information, it is possible for the trier of fact to decide whether punitive damages are warranted in this case and amending Plaintiff's complaint to add a count for punitive damages would not prove futile. As states in *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J.1990) (emphasis added) (citations omitted); see also Wright, Miller & Kane Federal Practice and Procedure, §1487 (2d ed. 1990). If the "proposed amendment is not ***clearly futile***, then denial of leave to amend is improper."

Because there is no issue of futility in this matter, Plaintiff's motion to amend should be granted.

## <u>CONCLUSION</u>

For all of the reasons set forth above, Plaintiff respectfully requests that his motion for leave to file his First Amended Complaint be granted.

Respectfully submitted,

ELEFTERAKIS, ELEFTERAKIS & PANEK

Dated: March 5, 2024          *Gina M. Nicasio*
                              _____
                              Gina M. Nicasio