# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

Plaintiff,

   MATTHEW PENSO,

     vs.

Defendants,

   PORT AUTHORITY OF NEW YORK AND
NEW JERSEY, BOMBARDIER
TRANSPORTATION (HOLDINGS) USA
INC., and JOHN DOE COMPANY #1-5
(fictitious name).

Civil Action No. 2:23-cv-00474 (SDW)(JBC)

**FIRST AMENDED COMPLAINT**

Plaintiff, **Matthew Penso**, by his attorneys, **ELEFTERAKIS, ELEFTERAKIS & PANEK**, as and for his First Amended Complaint, respectfully alleges, upon information and belief:

1. On or about December 15, 2021, the Plaintiff, Matthew Penso, was and still is a resident of the State of California.

2. At all of the times hereinafter mentioned, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** was a municipal corporation duly organized and existing under and by virtue of the Laws of the State of New York.

3. That on or about May 9, 2022, a Notice of Claim was served on the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, prior to the commencement of this action.

4. That on or about May 9, 2022, MATTHEW PENSO, herein duly presented in writing to the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** the claim for damages herein set forth and upon which this action is founded and that said claim was presented for adjustment.

5. That said Notice of Claim was served upon the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** and at least 60 days before this action was commenced, and the defendant, has failed and refused to make an adjustment of any claim herein set forth.

6. That all conditions precedent to the bringing of this action have been complied with.

7. That this action was commenced against the **PORT AUTHORITY OF NEW YORK AND NEW JERSEY** within one year after the accrual of the cause of action herein.

## FIRST COUNT

1. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** owned the premises known as Newark Liberty International Airport, located

between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

2. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** owned the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

3. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** owned the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

4. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** was a lessor of the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

5. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** was a lessor of the AirTrain located at the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County

and Elizabeth in Union County, in the State of New Jersey.

6. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** was a lessee of the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

7. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** was a lessee of the AirTrain located at the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

8. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** operated the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

9. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** operated the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

10. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** maintained the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

11. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** maintained the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

12. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** maintained the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

13. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** failed to properly maintain the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

14. That at all the times hereinafter alleged, and upon information and belief, the

defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, controlled the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

15. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** managed the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

16. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** repaired the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

17. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** repaired the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

18. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,**

failed to properly repair the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

19. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY** was responsible for the repair and maintenance of the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

20. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY** was responsible for the repair and maintenance of the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

21. That at all times herein mention, the Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, allowed the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey, to become and remain in a defective and dangerous condition.

22. That at all times herein mention, Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, allowed the defective and dangerous

condition to exist at the aforesaid location for unreasonable length of time before the aforesaid occurrence and Defendant knew or should have known of condition and did not remedy same.

23. That at all times hereinafter alleged and upon information and belief, prior to December 15, 2021, Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, entered into an agreement and/or arrangement to provide and perform certain work, labor and/or services at the above-referenced location.

24. That upon information and belief, on December 15, 2021 or prior thereto, Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, entered into a contract to provide and perform certain work, labor and/or services at the above-referenced location.

25. That at all times hereinafter alleged and upon information and belief, prior to December 15, 2021, Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, hired various entities to provide and perform certain work, labor and/or services at the above-referenced location.

26. That upon information and belief, on December 15, 2021,Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, by its agents, servants and employees, was performing certain work, labor and/or services at the above-referenced location, and directed, supervised and controlled all of the work, labor and/or services performed

in and about the aforesaid location.

27. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** failed to repair and/or update the operating system of the AirTrain located at Newark Liberty International Airport, in the State of New Jersey.

28. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** failed to repair and/or update the electrical system of the AirTrain located at Newark Liberty International Airport, in the State of New Jersey.

29. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** had knowledge that the AirTrain located at Newark Liberty International Airport, in the State of New Jersey, was defective and in need of repairs.

30. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** knowing that the AirTrain located at Newark Liberty International Airport, in the State of New Jersey, was defective and in need of repairs, failed to provide alternative means of transportation.

31. Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, by its agents, servants, employees, agencies and/or all departments, failed to adequately and properly test and/or screen applicants for the position of

operating the AirTrain.

32. Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, by its agents, servants, employees, agencies and/or all departments, failed to adequately and properly train their employees for operating the AirTrain.

33. Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently, and recklessly hired applicants for the position of operating the AirTrain.

34. Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently, and recklessly trained employees for operating the AirTrain.

35. Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently, and recklessly retained employees for operating the AirTrain.

36. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., (NOW KNOWN AS ALSTOM TRANSPORT USA INC.),** owned the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State

of New Jersey.

37. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., (NOW KNOWN AS ALSTOM TRANSPORT USA INC.),** owned the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

38. That at all the times hereinafter alleged, and upon information and belief, the defendant, BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., (NOW KNOWN AS **ALSTOM TRANSPORT USA INC.),** owned the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

39. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., (NOW KNOWN AS ALSTOM TRANSPORT USA INC.),** was a lessor of the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

40. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA**

**INC., (NOW KNOWN AS ALSTOM TRANSPORT USA INC.),** was a lessor of the AirTrain located at the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

41. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., (NOW KNOWN AS ALSTOM TRANSPORT USA INC.),** was a lessee of the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

42. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., (NOW KNOWN AS ALSTOM TRANSPORT USA INC.),** was a lessee of the AirTrain located at the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

43. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., (NOW KNOWN AS ALSTOM TRANSPORT USA INC.),** operated the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in

Union County, in the State of New Jersey.

44. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., (NOW KNOWN AS ALSTOM TRANSPORT USA INC.)** operated the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

45. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., (NOW KNOWN AS ALSTOM TRANSPORT USA INC.),** maintained the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

46. That at all the times hereinafter alleged, and upon information and belief, the defendant,

**BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., (NOW KNOWN AS**

**ALSTOM TRANSPORT USA INC.),** maintained the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

47. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA**

**INC., (NOW KNOWN AS ALSTOM TRANSPORT USA INC.), maintained the tracks for the AirTrain** located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

48. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., (NOW KNOWN AS ALSTOM TRANSPORT USA INC.),** failed to properly maintain the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

49. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., (NOW KNOWN AS ALSTOM TRANSPORT USA INC.),** controlled the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

50. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** managed the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

51. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** repaired the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

52. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., (NOW KNOWN AS ALSTOM TRANSPORT USA INC.),** repaired the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

53. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., (NOW KNOWN AS ALSTOM TRANSPORT USA INC.),** failed to properly repair the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

54. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., (NOW KNOWN AS ALSTOM TRANSPORT USA INC.),** was responsible for the repair and maintenance of the AirTrain located at Newark

Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

55. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., (NOW KNOWN AS ALSTOM TRANSPORT USA INC.),** was responsible for the repair and maintenance of the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

56. That at all times herein mention, the Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., (NOW KNOWN AS ALSTOM TRANSPORT USA INC.),** allowed the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey, to become and remain in a defective and dangerous condition.

57. That at all times herein mention, Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., (NOW KNOWN AS ALSTOM TRANSPORT USA INC.),** allowed the defective and dangerous condition to exist at the aforesaid location for unreasonable length of time before the aforesaid occurrence and Defendant knew or should have known

of condition and did not remedy same.

58. That at all times hereinafter alleged and upon information and belief, prior to December 15, 2021, Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., (NOW KNOWN AS ALSTOM TRANSPORT USA INC.),** entered into an agreement and/or arrangement to provide and perform certain work, labor and/or services at the above-referenced location.

59. That upon information and belief, on December 15, 2021 or prior thereto, Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., (NOW KNOWN AS ALSTOM TRANSPORT USA INC.),** entered into a contract to provide and perform certain work, labor and/or services at the above-referenced location.

60. That at all times hereinafter alleged and upon information and belief, prior to December 15, 2021, Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., (NOW KNOWN AS ALSTOM TRANSPORT USA INC.),** hired various entities to provide and perform certain work, labor and/or services at the above-referenced location.

61. That upon information and belief, on December 15, 2021, Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., (NOW KNOWN AS ALSTOM TRANSPORT USA INC.),** by its agents, servants and employees, was performing certain work, labor and/or services

at the above-referenced location, and directed, supervised and controlled all of the work, labor and/or services performed in and about the aforesaid location.

62. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., (NOW KNOWN AS ALSTOM TRANSPORT USA INC.),** failed to repair and/or update the operating system of the AirTrain located at Newark Liberty International Airport, in the State of New Jersey.

63. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., (NOW KNOWN AS ALSTOM TRANSPORT USA INC.),** failed to repair and/or update the electrical system of the AirTrain located at Newark Liberty International Airport, in the State of New Jersey.

64. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., (NOW KNOWN AS ALSTOM TRANSPORT USA INC.),** had knowledge that the AirTrain located at Newark Liberty International Airport, in the State of New Jersey, was defective and in need of repairs.

65. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., (NOW KNOWN AS ALSTOM TRANSPORT USA INC.),** knowing

that the AirTrain located at Newark Liberty International Airport, in the State of New Jersey, was defective and in need of repairs, failed to provide alternative means of transportation.

66. Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., (NOW KNOWN AS ALSTOM TRANSPORT USA INC.),** by its agents, servants, employees, agencies and/or all departments, failed to adequately and properly test and/or screen applicants for the position of operating the AirTrain.

67. Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., (NOW KNOWN AS ALSTOM TRANSPORT USA INC.),** by its agents, servants, employees, agencies and/or all departments, failed to adequately and properly train their employees for operating the AirTrain.

68. Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., (NOW KNOWN AS ALSTOM TRANSPORT USA INC.),** by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly hired applicants for the position of operating the AirTrain.

69. Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., (NOW KNOWN AS ALSTOM TRANSPORT USA INC.),** by its agents, servants, employees, agencies and/or all departments, carelessly,

negligently and recklessly trained employees for operating the AirTrain.

70. Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., (NOW KNOWN AS ALSTOM TRANSPORT USA INC.),** by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly retained employees for operating the AirTrain.

71. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** owned the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

72. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** owned the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

73. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** owned the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

74. That at all the times hereinafter alleged, and upon information and belief, the

defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** was a lessor of the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

75. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** was a lessor of the AirTrain located at the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

76. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** was a lessee of the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

77. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** was a lessee of the AirTrain located at the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

78. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** operated the

premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

79. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name).,** operated the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

80. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** maintained the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

81. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** maintained the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

82. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** maintained the tracks for the AirTrain located at Newark Liberty International Airport,

located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

83. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name).**, controlled the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

84. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** managed the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

85. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** repaired the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

86. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** repaired the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in

Union County, in the State of New Jersey.

87. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name)** was responsible for the repair and maintenance of the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

88. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name)** was responsible for the repair and maintenance of the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

89. That at all times herein mention, the Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, allowed the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey, to become and remain in a defective and dangerous condition.

90. That at all times herein mention, Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, allowed the defective and dangerous condition to exist at the aforesaid location for unreasonable length of time before the aforesaid occurrence and Defendant knew or should have known of condition and did

not remedy same.

91. That at all times hereinafter alleged and upon information and belief, prior to December 15, 2021, Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, entered into an agreement and/or arrangement to provide and perform certain work, labor and/or services at the above-referenced location.

92. That upon information and belief, on December 15, 2021 or prior thereto, Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, entered into a contract to provide and perform certain work, labor and/or services at the above-referenced location.

93. That at all times hereinafter alleged and upon information and belief, prior to December 15, 2021, Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, hired various entities to provide and perform certain work, labor and/or services at the above-referenced location.

94. That upon information and belief, on December 15, 2021, Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, by its agents, servants and employees, was performing certain work, labor and/or services at the above-referenced location, and directed, supervised and controlled all of the work, labor and/or services performed in and about the aforesaid location.

95. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** failed to repair and/or update the operating system of the AirTrain located at Newark Liberty International Airport, in the State of New Jersey.

96. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** failed to repair and/or update the electrical system of the AirTrain located at Newark Liberty International Airport, in the State of New Jersey.

97. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** had knowledge that the AirTrain located at Newark Liberty International Airport, in the State of New Jersey, was defective and in need of repairs.

98. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** knowing that the AirTrain located at Newark Liberty International Airport, in the State of New Jersey, was defective and in need of repairs, failed to provide alternative means of transportation.

99. Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, by its agents, servants, employees, agencies and/or all departments, failed to adequately and properly test and/or screen applicants for the position of operating the AirTrain.

100. Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, by its agents, servants, employees, agencies and/or all departments, failed to adequately and properly train their employees for operating the AirTrain.

101. Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly hired applicants for the position of operating the AirTrain.

102. Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly trained employees for operating the AirTrain.

103. Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly retained employees for operating the AirTrain.

104. That on or about December 15, 2021, the plaintiff, **MATTHEW PENSO,** was a passenger on the aforesaid AirTrain.

105. That on or about December 15, 2021, while the plaintiff, **MATTHEW PENSO**, was on the aforesaid AirTrain, he was caused to be seriously injured when the AirTrain came to an abrupt stop and then instantaneously went into reverse causing claimant to be violently thrown about/fall.

106. That the aforesaid accident was due solely and wholly as a result of the careless and negligent manner in which the defendants owned, operated, maintained,

controlled, managed, leased, supervised, repaired, inspected, constructed, designed, the aforesaid AirTrain located at Newark International Airport without the plaintiff in any way contributing thereto.

107. That the defendants herein were negligent, reckless and careless in that they violated their duties to persons on the aforesaid premises and on the AirTrain, and to this plaintiff in particular, in knowingly permitting, suffering and allowing the premises to remain in a destructive and dangerous condition, without the plaintiff in any way contributing thereto.

108. That the defendants herein were negligent, reckless and careless in that they violated their duties to persons on the aforesaid AirTrain, and to this plaintiff in particular, in knowingly permitting, suffering and allowing the aforesaid AirTrain, to be, become and remain in a defective, unsafe and dangerous condition, and was further negligent in failing to take suitable precautions for the safety of persons lawfully on the aforesaid AirTrain.

109. That by reason of the foregoing and the negligence of the defendants, the plaintiff, **MATTHEW PENSO**, was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

110. That by reason of the foregoing, the plaintiff, **MATTHEW PENSO,** was compelled to and did necessarily require medical aid and attention, and did

necessarily pay and become liable therefore for medicines and upon information and belief, the plaintiff, **MATTHEW PENSO,** will necessarily incur similar expenses.

111. That by reason of the foregoing, the plaintiff, **MATTHEW PENSO**, has been unable to attend to his usual occupation in the manner required.

112. That as a result of the foregoing, the plaintiff, **MATTHEW PENSO**, sustained damages in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants, PORT AUTHORITY OF NEW YORK AND NEW JERSEY, BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., **(now known as Alstom Transport USA Inc.)**, and JOHN DOE COMPANY #1-5, (fictitious name), jointly and severally, for general, compensatory, exemplary, and punitive damages plus such interest fees and costs as are allowed by law.

## **SECOND COUNT**

### **(PUNITIVE DAMAGES AGAINST DEFENDANTS, BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., (now known as Alstom Transport USA Inc.), and JOHN DOE COMPANY #1-5, (fictitious name)**

1. Plaintiff, **MATTHEW PENSO**, hereby incorporates by reference, as if fully set forth herein, all of the factual allegations contained in this

complaint.

2.      Defendants,      **BOMBARDIER      TRANSPORTATION (HOLDINGS) USA INC., (now known as Alstom Transport USA Inc.), and JOHN DOE COMPANY #1-5, (fictitious name),** had actual notice of the decrepit state of the Air Train system, which according to the Defendants themselves, required a complete system overhaul, at least as early as 2017, which plan was scrapped due to high cost.

3.      The aforesaid actions or inactions of Defendants, specifically, the outrageous, wanton, and willful disregard for the safety protection and wellbeing of the public at large, specifically the Plaintiff, **MATTHEW PENSO**, warrants the imposition of punitive damages.

3.      Plaintiff was a person who would foreseeably be harmed by such acts and omissions.

4.      Plaintiff seeks damages pursuant to N.J.S.A. 2A:15-5.9, et seq., Punitive Damages Act.

5.      That by reason of the foregoing, the plaintiff, **MATTHEW PENSO,** was compelled to and did necessarily require medical aid and attention and did necessarily pay and become liable therefore for medicines and upon information and belief, the plaintiff, **MATTHEW PENSO,** will necessarily incur similar expenses.

6.      That by reason of the foregoing, the plaintiff, **MATTHEW PENSO**, has been unable to attend to his usual occupation in the manner required.

7.      That as a result of the foregoing, the plaintiff, **MATTHEW PENSO**, sustained damages in an amount which exceeds the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants, PORT AUTHORITY OF NEW YORK AND NEW JERSEY, BOMBARDIER **TRANSPORTATION (HOLDINGS) USA INC., (now known as Alstom Transport USA Inc.), and JOHN DOE COMPANY #1-5, (fictitious name),** jointly and severally, for general, compensatory, exemplary, and punitive damages plus such interest fees and costs as are allowed by law.

## NOTICE OF OTHER ACTIONS

Pursuant to Rule 4:5-1, I hereby certify that the matter in controversy is no longer the subject of another pending court action.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues.

## DEMAND FOR INSURANCE INFORMATION

Pursuant to Rule 4:10(b), demand is hereby made that Defendants disclose to Plaintiff's attorney whether there are any insurance agreements or policies under

which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment and provide Plaintiff's attorneys with true copies of such insurance agreements or policies, including but not limited to, any and all Declaration Sheets. This Demand shall be deemed to include and cover not only primary coverage but also any and all excess, catastrophe, and umbrella policies.

## **DEMAND FOR ANSWERS TO INTERROGATORIES**

PLEASE TAKE NOTICE that the Plaintiff hereby demands of the Defendants written answers to Uniform Interrogatories within the time prescribed by the Rules of the Court.

## **DESIGNATION OF TRIAL COUNSEL**

PLEASE TAKE NOTICE that pursuant to Rule 4:25-4, Gina M. Nicasio, Esq. is hereby designated as trial counsel for Plaintiff, MATTHEW PENSO, in the above-captioned litigation.

## **CERTIFICATION PURSUANT TO RULE 4:5-1**

Gina M. Nicasio, Esq., an attorney at law hereby certifies as follows:

1. I am an attorney at law of the State of New Jersey.

2. I do not know of any other individual, company, or partnership who should be joined in this action.


ELEFTERAKIS, ELEFTERAKIS & PANEK

Dated: March 5, 2024

*Gina M. Nicasio*

By:_____

Gina M. Nicasio