## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW PENSO, | : |
| | : |
| Plaintiff, | :    Civil Action No. |
| v. | : |
| | : |
| PORT AUTHORITY OF NEW YORK AND NEW JERSEY, BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., and JOHN DOE COMPANY #1-5 (fictitious name), | : |
| | : |
| Defendants. | : |

### DEFENDANT BOMBARDIER TRANSPORTATION (HOLDINGS) USA, INC.'S NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** Defendant, Bombardier Transportation (Holdings) USA, Inc. ("Defendant" or "Bombardier"), by and through its undersigned counsel of record, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, and pursuant to 28 U.S.C. §§ 1441(a) and 1446, hereby removes this Civil Action from the Superior Court of New Jersey, Civil Part—Law Division, Essex County, to the United States District Court for the District of New Jersey, together with all process, pleadings, and Orders, as required by 28 U.S.C. § 1446(a), copies of which are attached hereto. In support of this removal, Defendant avers as follows:

### Procedural History and Plaintiff's Allegations

1.     Plaintiff Matthew Penso ("Plaintiff") commenced this action on December 13, 2022, by filing a Complaint in the Superior Court of New Jersey, Law Division, Essex County, entitled *Matthew Penso v. Port Authority of New York and New Jersey, et al.*, Docket No. ESX-L-7408-22. The action is pending in that Court. *See* Summons and Complaint attached hereto as **Exhibit A**.

2.      Plaintiff attempted to serve Bombardier with the Summons and Complaint by delivering a copy of same to 289 S. Culver Street, Lawrenceville, GA 30046 and to 28 Liberty Street, New York, NY 10005 on December 14, 2022.  However, upon information and belief, these locations are not associated with Bombardier and/or are not authorized to accept service on behalf of Bombardier.

3.      Notwithstanding, on January 23, 2023, Plaintiff effectuated service of the Summons and Complaint on Bombardier via email to counsel.  Undersigned counsel for Bombardier accepted service on January 23, 2023.  *See* Email attached hereto as **Exhibit B**.

4.      The Complaint is a civil action in which Plaintiff alleges to have sustained serious personal injuries when he was caused to fall while riding the AirTrain located at Newark Liberty International Airport.

5.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days after service of the Summons and Complaint upon Bombardier.

## Grounds for Removal

6.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and this action may be removed by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a) because it is a civil action wherein: (1) complete diversity of citizenship exists among the parties; and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7.      There is complete diversity of citizenship between Plaintiff and Defendants in this action as follows:

a.      Defendant Bombardier is a Delaware corporation with its principal place of business located in the Commonwealth of Pennsylvania;

2

b. Co-Defendant Port Authority is a New Jersey domestic not-for-profit corporation with its principal place of business located in the State of New York;

c. Plaintiff is a resident of the State of California. <u>See</u> Plaintiff's Notice of Claim attached hereto as **Exhibit C** at 2; and

8. The amount in controversy is $10,000,000. *See* **Exhibit C** at 3.

9. In light of the above, we submit that this Court has diversity jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1332, which may properly be removed to the Court pursuant to 28 U.S.C § 1441 *et seq*.

10. This Notice of Removal is filed within the time provided by 28 U.S.C. § 1446(b) and the Federal Rules of Civil Procedure.

11. Plaintiff has consented to this removal request.

12. True and correct copies of all process, pleadings, and Orders received by Bombardier in the action pending in the Superior Court of New Jersey, Civil Part—Law Division, Essex County are attached hereto as **Exhibit D**.

13. Concurrently on filing this Notice of Removal, Bombardier will promptly serve written notice on counsel for Plaintiff and simultaneously file the same with the Clerk of Superior Court of New Jersey, Civil Part—Law Division, Essex County, in accordance with 28 U.S.C. § 1446(d), to effect removal of this action. A true and correct copy of the Notice filed with the Superior Court of New Jersey, Civil Part—Law Division, Essex County, is annexed hereto as **Exhibit E**.

<u>**Non-Waiver of Defenses**</u>

14. By removing this action from the Superior Court of New Jersey, Civil Part—Law Division, Essex County, Bombardier does not waive any defenses available to it.

3

279500132v.1

15.     By removing this action from the Superior Court of New Jersey, Civil Part—Law Division, Essex County, Bombardier does not admit any of the allegations in Plaintiff's Complaint.

**WHEREFORE**, Defendant Bombardier removes this above-captioned action from the Superior Court of New Jersey, Civil Part—Law Division, Essex County to the United States District Court for the District of New Jersey.

Dated: January 26, 2023
Madison, New Jersey

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ EDELMAN & DICKER, LLP**

By:     *s/ Matthew R. Major*
Matthew R. Major, Esq.
7 Giralda Farms, Suites 100/110
Madison, NJ 08940
Tel.: (973) 624-0800
Fax: (973) 624-0808
Matthew.Major@wilsonelser.com
*Attorneys for Defendants Port Authority of New York and New Jersey and Bombardier Transportation (Holdings) USA, Inc.*

4

279500132v.1

# Exhibit A

279500132v.1

Albert K. Kim, Esq. (NJ Bar ID # 095812013)
ELEFTERAKIS, ELEFTERAKIS & PANEK
80 Pine Street, 38th Floor
New York, New York 10005
Phone: (212) 532-1116
Fax: (212) 532-1176
*Attorneys for Plaintiff*

| | |
|---|---|
| MATTHEW PENSO,<br><br>Plaintiff,<br><br>v.<br><br>PORT AUTHORITY OF NEW YORK AND NEW JERSEY, BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., and JOHN DOE COMPANY #1-5 (fictitious name),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION; ESSEX COUNTY<br><br>DOCKET NUMBER:<br><br>CIVIL ACTION<br><br>SUMMONS |

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.)

If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiffs demand, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

_____

Clerk of the Superior Court

TO:

| *THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY*<br>4 World Trade Center,<br>150 Greenwich Street, 23rd Floor<br>New York, New York 10007 | *BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.*<br>28 Liberty Street<br>New York, NY 10005 |
|---|---|
| | *BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.*<br>1501 Lebanon Church Road<br>Pittsburgh, PA 15236 |

Albert K. Kim, Esq. (NJ Bar ID # 095812013)
ELEFTERAKIS, ELEFTERAKIS & PANEK
80 Pine Street, 38th Floor
New York, New York 10005
Phone: (212) 532-1116
Fax: (212) 532-1176
*Attorneys for Plaintiff*

| | |
|---|---|
| MATTHEW PENSO,<br><br>Plaintiff,<br><br>v.<br><br>PORT AUTHORITY OF NEW YORK AND NEW JERSEY, BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., and JOHN DOE COMPANY #1-5 (fictitious name),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION; ESSEX COUNTY<br><br>DOCKET NUMBER:<br><br>CIVIL ACTION<br><br>COMPLAINT<br>AND<br>JURY DEMAND |

Plaintiff, by his attorneys, ELEFTERAKIS, ELEFTERAKIS & PANEK, as and for his Verified Complaint, respectfully alleges, upon information and belief:

1. That at all of the times hereinafter mentioned, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** was a municipal corporation duly organized and existing under and by virtue of the Laws of the State of New York.

2. That on or about May 9, 2022, a Notice of Claim was served on the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, prior to the commencement of this action.

3. That on or about May 9, 2022, MATTHEW PENSO, herein duly presented in writing to the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** the claim for damages herein set forth and upon which this action is founded and that said claim was

presented for adjustment.

4. That said Notice of Claim was served upon the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** and at least 60 days before this action was commenced, and the defendant, has failed and refused to make an adjustment of any claim herein set forth.

5. That all conditions precedent to the bringing of this action have been complied with.

6. That this action was commenced against the **PORT AUTHORITY OF NEW YORK AND NEW JERSEY** within one year after the accrual of the cause of action herein.

7. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** owned the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

8. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** owned the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

9. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** owned the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

10. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** was a lessor of the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

11. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** was a lessor of the AirTrain located at the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

12. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** was a lessee of the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

13. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** was a lessee of the AirTrain located at the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

14. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** operated the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

15. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** operated the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

16. That at all the times hereinafter alleged, and upon information and belief, the defendant,

**PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** maintained the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

17. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** maintained the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

18. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** maintained the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

19. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** failed to properly maintain the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

20. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, controlled the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

21.  That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** managed the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in

Essex County and Elizabeth in Union County, in the State of New Jersey.

22. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** repaired the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

23. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** repaired the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

24. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** failed to properly repair the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

25. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY** was responsible for the repair and maintenance of the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

26. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY** was responsible for the repair and maintenance of the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union

County, in the State of New Jersey.

27. That at all times herein mention, the Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, allowed the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey, to become and remain in a defective and dangerous condition.

28. That at all times herein mention, Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, allowed the defective and dangerous condition to exist at the aforesaid location for unreasonable length of time before the aforesaid occurrence and Defendant knew or should have known of condition and did not remedy same.

29. That at all times hereinafter alleged and upon information and belief, prior to December 15, 2021, Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, entered into an agreement and/or arrangement to provide and perform certain work, labor and/or services at the above-referenced location.

30. That upon information and belief, on December 15, 2021 or prior thereto, Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, entered into a contract to provide and perform certain work, labor and/or services at the above-referenced location.

31. That at all times hereinafter alleged and upon information and belief, prior to December 15, 2021, Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, hired various entities to provide and perform certain work, labor and/or services at the above-referenced location.

32. That upon information and belief, on December 15, 2021, Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, by its agents, servants and

employees, was performing certain work, labor and/or services at the above-referenced location, and directed, supervised and controlled all of the work, labor and/or services performed in and about the aforesaid location.

33. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** failed to repair and/or update the operating system of the AirTrain located at Newark Liberty International Airport, in the State of New Jersey.

34. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** failed to repair and/or update the electrical system of the AirTrain located at Newark Liberty International Airport, in the State of New Jersey.

35. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** had knowledge that the AirTrain located at Newark Liberty International Airport, in the State of New Jersey, was defective and in need of repairs.

36. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** knowing that the AirTrain located at Newark Liberty International Airport, in the State of New Jersey, was defective and in need of repairs, failed to provide alternative means of transportation.

37. Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, by its agents, servants, employees, agencies and/or all departments, failed to adequately and properly test and/or screen applicants for the position of operating the AirTrain.

38. Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, by its agents,

servants, employees, agencies and/or all departments, failed to adequately and properly
train their employees for operating the AirTrain.

39. Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, by its agents,
servants, employees, agencies and/or all departments, carelessly, negligently and
recklessly hired applicants for the position of operating the AirTrain.

40. Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, by its agents,
servants, employees, agencies and/or all departments, carelessly, negligently and
recklessly trained employees for operating the AirTrain.

41. Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, by its agents,
servants, employees, agencies and/or all departments, carelessly, negligently and
recklessly retained employees for operating the AirTrain.

42. That at all the times hereinafter alleged, and upon information and belief, the defendant,
**BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** owned the premises
known as Newark Liberty International Airport, located between the cities of Newark in
Essex County and Elizabeth in Union County, in the State of New Jersey.

43. That at all the times hereinafter alleged, and upon information and belief, the defendant,
**BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** owned the AirTrain
located at Newark Liberty International Airport, located between the cities of Newark in
Essex County and Elizabeth in Union County, in the State of New Jersey.

44. That at all the times hereinafter alleged, and upon information and belief, the defendant,
**BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** owned the tracks for
the AirTrain located at Newark Liberty International Airport, located between the cities of
Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

45. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** was a lessor of the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

46. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** was a lessor of the AirTrain located at the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

47. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** was a lessee of the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

48. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** was a lessee of the AirTrain located at the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

49. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** operated the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

50. That at all the times hereinafter alleged, and upon information and belief, the defendant,

**BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** operated the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

51. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** maintained the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

52. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** maintained the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

53. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** maintained the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

54. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** failed to properly maintain the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

55. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** controlled the AirTrain located at Newark Liberty International Airport, located between the cities of

Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

56.  That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** managed the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

57. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** repaired the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

58. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** repaired the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

59. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** failed to properly repair the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

60. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.** was responsible for the repair and maintenance of the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

61. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.** was responsible for the repair and maintenance of the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

62. That at all times herein mention, the Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.**, allowed the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey, to become and remain in a defective and dangerous condition.

63. That at all times herein mention, Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.**, allowed the defective and dangerous condition to exist at the aforesaid location for unreasonable length of time before the aforesaid occurrence and Defendant knew or should have known of condition and did not remedy same.

64. That at all times hereinafter alleged and upon information and belief, prior to December 15, 2021, Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.**, entered into an agreement and/or arrangement to provide and perform certain work, labor and/or services at the above-referenced location.

65. That upon information and belief, on December 15, 2021 or prior thereto, Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.**, entered into a contract to provide and perform certain work, labor and/or services at the above-referenced location.

66. That at all times hereinafter alleged and upon information and belief, prior to December

15, 2021, Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.**, hired various entities to provide and perform certain work, labor and/or services at the above-referenced location.

67. That upon information and belief, on December 15, 2021, Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.**, by its agents, servants and employees, was performing certain work, labor and/or services at the above-referenced location, and directed, supervised and controlled all of the work, labor and/or services performed in and about the aforesaid location.

68. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** failed to repair and/or update the operating system of the AirTrain located at Newark Liberty International Airport, in the State of New Jersey.

69. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** failed to repair and/or update the electrical system of the AirTrain located at Newark Liberty International Airport, in the State of New Jersey.

70. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** had knowledge that the AirTrain located at Newark Liberty International Airport, in the State of New Jersey, was defective and in need of repairs.

71. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** knowing that the AirTrain located at Newark Liberty International Airport, in the State of New Jersey, was

defective and in need of repairs, failed to provide alternative means of transportation.

72. Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.**, by its agents, servants, employees, agencies and/or all departments, failed to adequately and properly test and/or screen applicants for the position of operating the AirTrain.

73. Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.**, by its agents, servants, employees, agencies and/or all departments, failed to adequately and properly train their employees for operating the AirTrain.

74. Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly hired applicants for the position of operating the AirTrain.

75. Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly trained employees for operating the AirTrain.

76. Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly retained employees for operating the AirTrain.

77. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** owned the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

78. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** owned the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and

Elizabeth in Union County, in the State of New Jersey.

79. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** owned the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

80. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** was a lessor of the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

81. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** was a lessor of the AirTrain located at the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

82. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** was a lessee of the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

83. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** was a lessee of the AirTrain located at the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

84. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** operated the premises known as Newark

Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

85. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name).,** operated the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

86. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** maintained the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

87. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** maintained the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

88. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** maintained the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

89. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name).,** controlled the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

90.  That at all the times hereinafter alleged, and upon information and belief, the defendant,

**JOHN DOE COMPANY #1-5 (fictitious name),** managed the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

91. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** repaired the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

92. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** repaired the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

93. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name)** was responsible for the repair and maintenance of the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

94. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name)** was responsible for the repair and maintenance of the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

95. That at all times herein mention, the Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, allowed the AirTrain located at Newark Liberty International Airport, located

between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey, to become and remain in a defective and dangerous condition.

96. That at all times herein mention, Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, allowed the defective and dangerous condition to exist at the aforesaid location for unreasonable length of time before the aforesaid occurrence and Defendant knew or should have known of condition and did not remedy same.

97. That at all times hereinafter alleged and upon information and belief, prior to December 15, 2021, Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, entered into an agreement and/or arrangement to provide and perform certain work, labor and/or services at the above-referenced location.

98. That upon information and belief, on December 15, 2021 or prior thereto, Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, entered into a contract to provide and perform certain work, labor and/or services at the above-referenced location.

99. That at all times hereinafter alleged and upon information and belief, prior to December 15, 2021, Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, hired various entities to provide and perform certain work, labor and/or services at the above-referenced location.

100. That upon information and belief, on December 15, 2021, Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, by its agents, servants and employees, was performing certain work, labor and/or services at the above-referenced location, and directed, supervised and controlled all of the work, labor and/or services performed in and about the aforesaid location.

101. That at all the times hereinafter alleged, and upon information and belief, the defendant,

**JOHN DOE COMPANY #1-5 (fictitious name),** failed to repair and/or update the operating system of the AirTrain located at Newark Liberty International Airport, in the State of New Jersey.

102. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** failed to repair and/or update the electrical system of the AirTrain located at Newark Liberty International Airport, in the State of New Jersey.

103. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** had knowledge that the AirTrain located at Newark Liberty International Airport, in the State of New Jersey, was defective and in need of repairs.

104. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** knowing that the AirTrain located at Newark Liberty International Airport, in the State of New Jersey, was defective and in need of repairs, failed to provide alternative means of transportation.

105. Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, by its agents, servants, employees, agencies and/or all departments, failed to adequately and properly test and/or screen applicants for the position of operating the AirTrain.

106. Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, by its agents, servants, employees, agencies and/or all departments, failed to adequately and properly train their employees for operating the AirTrain.

107. Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly hired

applicants for the position of operating the AirTrain.

108. Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly trained employees for operating the AirTrain.

109. Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly retained employees for operating the AirTrain.

110. That on or about December 15, 2021, the plaintiff, **MATTHEW PENSO,** was a passenger on the aforesaid AirTrain.

111. That on or about December 15, 2021, while the plaintiff, **MATTHEW PENSO**, was on the aforesaid AirTrain, he was caused to be seriously injured when the AirTrain came to an abrupt stop and then instantaneously went into reverse causing claimant to be violently thrown about/fall.

112. That the aforesaid accident was due solely and wholly as a result of the careless and negligent manner in which the defendants owned, operated, maintained, controlled, managed, leased, supervised, repaired, inspected, constructed, designed, the aforesaid AirTrain located at Newark International Airport without the plaintiff in any way contributing thereto.

113. That the defendants herein were negligent, reckless and careless in that they violated their duties to persons on the aforesaid premises and on the AirTrain, and to this plaintiff in particular, in knowingly permitting, suffering and allowing the premises to remain in a destructive and dangerous condition, without the plaintiff in any way contributing thereto.

114. That the defendants herein were negligent, reckless and careless in that they violated their duties to persons on the aforesaid AirTrain, and to this plaintiff in particular, in knowingly

permitting, suffering and allowing the aforesaid AirTrain, to be, become and remain in a defective, unsafe and dangerous condition, and was further negligent in failing to take suitable precautions for the safety of persons lawfully on the aforesaid AirTrain.

115. That by reason of the foregoing and the negligence of the defendants, the plaintiff, **MATTHEW PENSO**, was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

116. That by reason of the foregoing, the plaintiff, **MATTHEW PENSO,** was compelled to and did necessarily require medical aid and attention, and did necessarily pay and become liable therefore for medicines and upon information and belief, the plaintiff, **MATTHEW PENSO,** will necessarily incur similar expenses.

117. That by reason of the foregoing, the plaintiff, **MATTHEW PENSO**, has been unable to attend to his usual occupation in the manner required.

118. That as a result of the foregoing, the plaintiff, **MATTHEW PENSO**, sustained damages in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action.

119. WHEREFORE, plaintiff demands judgment against the defendants for damages, interest, costs of suit and attorney's fees.

## NOTICE OF OTHER ACTIONS

Pursuant to Rule 4:5-1, I hereby certify that the matter in controversy is the subject of another pending court action in the case of *Matthew Penso v. Port Authority of New York and New Jersey, et al.,* Index/Docket No. 525664/2022, filed in Supreme Court of New York, County of Kings.

Currently sub judice in said action is Defendant Port Authority of New York's pending motion to dismiss for forum non conveniens and Defendant Bombardier's motion to dismiss for lack of personal jurisdiction.

<u>**JURY DEMAND**</u>

Plaintiff hereby demands a trial by jury as to all issues.

<u>**DEMAND FOR INSURANCE INFORMATION**</u>

Pursuant to Rule 4:10(b), demand is hereby made that Defendants disclose to Plaintiff's attorney whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment and provide Plaintiff's attorneys with true copies of such insurance agreements or policies, including but not limited to, any and all Declaration Sheets. This Demand shall be deemed to include and cover not only primary coverage but also any and all excess, catastrophe, and umbrella policies.

<u>**DEMAND FOR ANSWERS TO INTERROGATORIES**</u>

PLEASE TAKE NOTICE that the Plaintiff hereby demands of the Defendants written answers to Uniform Interrogatories within the time prescribed by the Rules of the Court.

<u>**DESIGNATION OF TRIAL COUNSEL**</u>

PLEASE TAKE NOTICE that pursuant to Rule 4:25-4, Albert K. Kim Esq. is hereby designated as trial counsel for Plaintiff, MATTHEW PENSO, in the above-captioned litigation.

## CERTIFICATION PURSUANT TO RULE 4:5-1

Albert K. Kim, Esq., an attorney at law hereby certifies as follows:

1. I am an attorney at law of the State of New Jersey.

2. I do not know of any other individual, company, or partnership who should be joined in this

   action.

Dated: December 13, 2022

ELEFTERAKIS, ELEFTERAKIS & PANEK

By:_____

Albert K. Kim, Esq.
*Attorneys for Plaintiff*
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-007408-22

**Case Caption:** PENSO MATTHEW  VS PORT AUTHORITY OF NE W YORK AN

**Case Initiation Date:** 12/13/2022

**Attorney Name:** ALBERT K KIM

**Firm Name:** ELEFTERAKIS & ELEFTERAKIS PC

**Address:** 80 PINE ST 38TH FL

NEW YORK NY 10005

**Phone:** 2125321116

**Name of Party:** PLAINTIFF : Penso, Matthew

**Name of Defendant's Primary Insurance Company**

(if known): None

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** YES

**If yes, list docket numbers:** Index/Docket No. 525664/2022, filed in Supreme Court of New York

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** YES

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Matthew Penso?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/13/2022

Dated

/s/ ALBERT K KIM

Signed

# Exhibit B

279500132v.1

**Major, Matthew**

| | |
|---|---|
| **From:** | Gennaro Savastano <gsavastano@elefterakislaw.com> |
| **Sent:** | Monday, January 23, 2023 1:20 PM |
| **To:** | Major, Matthew |
| **Cc:** | Braude, Daniel M. |
| **Subject:** | Penso v Port Authority and Bombardier |
| **Attachments:** | Penso v Bombardier ESX-L-007408-22.pdf |

**[EXTERNAL EMAIL]**

Matt,
Please accept service of the attached summons and complaint filed with Essex County Superior Court.
Thank you,
Gennaro

_____
Gennaro Savastano, Esq.

**Elefterakis, Elefterakis & Panek**
80 Pine Street, 38th Floor
New York, NY 10005
T: (212) 532-1116 | eeplaw.com

Follow us on Instagram!

     

We do not accept service via electronic means. If you choose to accept service via electronic means and we choose to serve you in this manner, this does not constitute our consent to accept service in the same manner. We DO NOT accept service via electronic means including but not limited to email.

DISCLAIMER FOR ELECTRONIC COMMUNICATIONS
NOTICE TO RECIPIENTS: The information contained in (and attached to) this e-mail is intended only for the personal and confidential use of the designated recipient(s) named above. This message may be an attorney/client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you received this communication in error, please notify us immediately by reply e-mail, and delete the original message (including attachments).

**\*\*DISCLAIMER FOR ELECTRONIC COMMUNICATIONS NOTICE TO RECIPIENTS:** The information contained in (and attached to) this e-mail is intended only for the personal and confidential use of the designated recipient(s) named above. This message may be an attorney/client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you received this communication in error, please notify us immediately by reply e-mail, and delete the original message (including attachments).

Albert K. Kim, Esq. (NJ Bar ID # 095812013)
ELEFTERAKIS, ELEFTERAKIS & PANEK
80 Pine Street, 38th Floor
New York, New York 10005
Phone: (212) 532-1116
Fax: (212) 532-1176
*Attorneys for Plaintiff*

| | |
|---|---|
| MATTHEW PENSO,<br><br>Plaintiff,<br><br>v.<br><br>PORT AUTHORITY OF NEW YORK AND NEW JERSEY, BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., and JOHN DOE COMPANY #1-5 (fictitious name),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION; ESSEX COUNTY<br><br>DOCKET NUMBER:<br><br>CIVIL ACTION<br><br>SUMMONS |

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.)

If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiffs demand, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

_____

Clerk of the Superior Court

TO:

| THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY<br>4 World Trade Center,<br>150 Greenwich Street, 23rd Floor<br>New York, New York 10007 | BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.<br>28 Liberty Street<br>New York, NY 10005 |
|---|---|
| | BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.<br>1501 Lebanon Church Road<br>Pittsburgh, PA 15236 |

Albert K. Kim, Esq. (NJ Bar ID # 095812013)
ELEFTERAKIS, ELEFTERAKIS & PANEK
80 Pine Street, 38th Floor
New York, New York 10005
Phone: (212) 532-1116
Fax: (212) 532-1176
*Attorneys for Plaintiff*

| MATTHEW PENSO,<br><br>Plaintiff,<br><br>v.<br><br>PORT AUTHORITY OF NEW YORK AND NEW JERSEY, BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., and JOHN DOE COMPANY #1-5 (fictitious name),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION; ESSEX COUNTY<br><br>DOCKET NUMBER:<br><br>CIVIL ACTION<br><br>COMPLAINT<br>AND<br>JURY DEMAND |
| --- | --- |

Plaintiff, by his attorneys, ELEFTERAKIS, ELEFTERAKIS & PANEK, as and for his Verified Complaint, respectfully alleges, upon information and belief:

1. That at all of the times hereinafter mentioned, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** was a municipal corporation duly organized and existing under and by virtue of the Laws of the State of New York.

2. That on or about May 9, 2022, a Notice of Claim was served on the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, prior to the commencement of this action.

3. That on or about May 9, 2022, MATTHEW PENSO, herein duly presented in writing to the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** the claim for damages herein set forth and upon which this action is founded and that said claim was

presented for adjustment.

4. That said Notice of Claim was served upon the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** and at least 60 days before this action was commenced, and the defendant, has failed and refused to make an adjustment of any claim herein set forth.

5. That all conditions precedent to the bringing of this action have been complied with.

6. That this action was commenced against the **PORT AUTHORITY OF NEW YORK AND NEW JERSEY** within one year after the accrual of the cause of action herein.

7. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** owned the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

8. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** owned the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

9. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** owned the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

10. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** was a lessor of the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

11. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** was a lessor of the AirTrain located at the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

12. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** was a lessee of the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

13. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** was a lessee of the AirTrain located at the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

14. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** operated the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

15. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** operated the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

16. That at all the times hereinafter alleged, and upon information and belief, the defendant,

**PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** maintained the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

17. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** maintained the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

18. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** maintained the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

19. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** failed to properly maintain the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

20. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, controlled the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

21.  That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** managed the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in

Essex County and Elizabeth in Union County, in the State of New Jersey.

22. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** repaired the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

23. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** repaired the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

24. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** failed to properly repair the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

25. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY** was responsible for the repair and maintenance of the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

26. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY** was responsible for the repair and maintenance of the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union

County, in the State of New Jersey.

27. That at all times herein mention, the Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, allowed the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey, to become and remain in a defective and dangerous condition.

28. That at all times herein mention, Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, allowed the defective and dangerous condition to exist at the aforesaid location for unreasonable length of time before the aforesaid occurrence and Defendant knew or should have known of condition and did not remedy same.

29. That at all times hereinafter alleged and upon information and belief, prior to December 15, 2021, Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, entered into an agreement and/or arrangement to provide and perform certain work, labor and/or services at the above-referenced location.

30. That upon information and belief, on December 15, 2021 or prior thereto, Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, entered into a contract to provide and perform certain work, labor and/or services at the above-referenced location.

31. That at all times hereinafter alleged and upon information and belief, prior to December 15, 2021, Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, hired various entities to provide and perform certain work, labor and/or services at the above-referenced location.

32. That upon information and belief, on December 15, 2021, Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, by its agents, servants and

employees, was performing certain work, labor and/or services at the above-referenced location, and directed, supervised and controlled all of the work, labor and/or services performed in and about the aforesaid location.

33. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** failed to repair and/or update the operating system of the AirTrain located at Newark Liberty International Airport, in the State of New Jersey.

34. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** failed to repair and/or update the electrical system of the AirTrain located at Newark Liberty International Airport, in the State of New Jersey.

35. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** had knowledge that the AirTrain located at Newark Liberty International Airport, in the State of New Jersey, was defective and in need of repairs.

36. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** knowing that the AirTrain located at Newark Liberty International Airport, in the State of New Jersey, was defective and in need of repairs, failed to provide alternative means of transportation.

37. Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, by its agents, servants, employees, agencies and/or all departments, failed to adequately and properly test and/or screen applicants for the position of operating the AirTrain.

38. Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, by its agents,

servants, employees, agencies and/or all departments, failed to adequately and properly train their employees for operating the AirTrain.

39. Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly hired applicants for the position of operating the AirTrain.

40. Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly trained employees for operating the AirTrain.

41. Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly retained employees for operating the AirTrain.

42. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** owned the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

43. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** owned the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

44. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** owned the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

45. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** was a lessor of the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

46. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** was a lessor of the AirTrain located at the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

47. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** was a lessee of the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

48. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** was a lessee of the AirTrain located at the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

49. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** operated the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

50. That at all the times hereinafter alleged, and upon information and belief, the defendant,

BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., operated the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

51. That at all the times hereinafter alleged, and upon information and belief, the defendant, BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., maintained the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

52. That at all the times hereinafter alleged, and upon information and belief, the defendant, BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., maintained the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

53. That at all the times hereinafter alleged, and upon information and belief, the defendant, BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., maintained the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

54. That at all the times hereinafter alleged, and upon information and belief, the defendant, BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., failed to properly maintain the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

55. That at all the times hereinafter alleged, and upon information and belief, the defendant, BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., controlled the AirTrain located at Newark Liberty International Airport, located between the cities of

Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

56.  That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** managed the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

57. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** repaired the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

58. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** repaired the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

59. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** failed to properly repair the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

60. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.** was responsible for the repair and maintenance of the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

61. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.** was responsible for the repair and maintenance of the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

62. That at all times herein mention, the Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.**, allowed the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey, to become and remain in a defective and dangerous condition.

63. That at all times herein mention, Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.**, allowed the defective and dangerous condition to exist at the aforesaid location for unreasonable length of time before the aforesaid occurrence and Defendant knew or should have known of condition and did not remedy same.

64. That at all times hereinafter alleged and upon information and belief, prior to December 15, 2021, Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.**, entered into an agreement and/or arrangement to provide and perform certain work, labor and/or services at the above-referenced location.

65. That upon information and belief, on December 15, 2021 or prior thereto, Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.**, entered into a contract to provide and perform certain work, labor and/or services at the above-referenced location.

66. That at all times hereinafter alleged and upon information and belief, prior to December

15, 2021, Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.**, hired various entities to provide and perform certain work, labor and/or services at the above-referenced location.

67. That upon information and belief, on December 15, 2021, Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.**, by its agents, servants and employees, was performing certain work, labor and/or services at the above-referenced location, and directed, supervised and controlled all of the work, labor and/or services performed in and about the aforesaid location.

68. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** failed to repair and/or update the operating system of the AirTrain located at Newark Liberty International Airport, in the State of New Jersey.

69. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** failed to repair and/or update the electrical system of the AirTrain located at Newark Liberty International Airport, in the State of New Jersey.

70. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** had knowledge that the AirTrain located at Newark Liberty International Airport, in the State of New Jersey, was defective and in need of repairs.

71. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** knowing that the AirTrain located at Newark Liberty International Airport, in the State of New Jersey, was

defective and in need of repairs, failed to provide alternative means of transportation.

72. Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** by its agents, servants, employees, agencies and/or all departments, failed to adequately and properly test and/or screen applicants for the position of operating the AirTrain.

73. Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** by its agents, servants, employees, agencies and/or all departments, failed to adequately and properly train their employees for operating the AirTrain.

74. Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly hired applicants for the position of operating the AirTrain.

75. Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly trained employees for operating the AirTrain.

76. Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly retained employees for operating the AirTrain.

77. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** owned the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

78. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** owned the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and

Elizabeth in Union County, in the State of New Jersey.

79. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** owned the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

80. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** was a lessor of the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

81. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** was a lessor of the AirTrain located at the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

82. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** was a lessee of the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

83. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** was a lessee of the AirTrain located at the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

84. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** operated the premises known as Newark

Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

85. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name).,** operated the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

86. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** maintained the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

87. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** maintained the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

88. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** maintained the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

89. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name).,** controlled the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

90. That at all the times hereinafter alleged, and upon information and belief, the defendant,

**JOHN DOE COMPANY #1-5 (fictitious name),** managed the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

91. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** repaired the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

92. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** repaired the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

93. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name)** was responsible for the repair and maintenance of the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

94. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name)** was responsible for the repair and maintenance of the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

95. That at all times herein mention, the Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, allowed the AirTrain located at Newark Liberty International Airport, located

between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey, to become and remain in a defective and dangerous condition.

96. That at all times herein mention, Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, allowed the defective and dangerous condition to exist at the aforesaid location for unreasonable length of time before the aforesaid occurrence and Defendant knew or should have known of condition and did not remedy same.

97. That at all times hereinafter alleged and upon information and belief, prior to December 15, 2021, Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, entered into an agreement and/or arrangement to provide and perform certain work, labor and/or services at the above-referenced location.

98. That upon information and belief, on December 15, 2021 or prior thereto, Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, entered into a contract to provide and perform certain work, labor and/or services at the above-referenced location.

99. That at all times hereinafter alleged and upon information and belief, prior to December 15, 2021, Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, hired various entities to provide and perform certain work, labor and/or services at the above-referenced location.

100. That upon information and belief, on December 15, 2021, Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, by its agents, servants and employees, was performing certain work, labor and/or services at the above-referenced location, and directed, supervised and controlled all of the work, labor and/or services performed in and about the aforesaid location.

101. That at all the times hereinafter alleged, and upon information and belief, the defendant,

**JOHN DOE COMPANY #1-5 (fictitious name),** failed to repair and/or update the operating system of the AirTrain located at Newark Liberty International Airport, in the State of New Jersey.

102. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** failed to repair and/or update the electrical system of the AirTrain located at Newark Liberty International Airport, in the State of New Jersey.

103. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** had knowledge that the AirTrain located at Newark Liberty International Airport, in the State of New Jersey, was defective and in need of repairs.

104. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** knowing that the AirTrain located at Newark Liberty International Airport, in the State of New Jersey, was defective and in need of repairs, failed to provide alternative means of transportation.

105. Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, by its agents, servants, employees, agencies and/or all departments, failed to adequately and properly test and/or screen applicants for the position of operating the AirTrain.

106. Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, by its agents, servants, employees, agencies and/or all departments, failed to adequately and properly train their employees for operating the AirTrain.

107. Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly hired

applicants for the position of operating the AirTrain.

108. Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly trained employees for operating the AirTrain.

109. Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly retained employees for operating the AirTrain.

110. That on or about December 15, 2021, the plaintiff, **MATTHEW PENSO,** was a passenger on the aforesaid AirTrain.

111. That on or about December 15, 2021, while the plaintiff, **MATTHEW PENSO**, was on the aforesaid AirTrain, he was caused to be seriously injured when the AirTrain came to an abrupt stop and then instantaneously went into reverse causing claimant to be violently thrown about/fall.

112. That the aforesaid accident was due solely and wholly as a result of the careless and negligent manner in which the defendants owned, operated, maintained, controlled, managed, leased, supervised, repaired, inspected, constructed, designed, the aforesaid AirTrain located at Newark International Airport without the plaintiff in any way contributing thereto.

113. That the defendants herein were negligent, reckless and careless in that they violated their duties to persons on the aforesaid premises and on the AirTrain, and to this plaintiff in particular, in knowingly permitting, suffering and allowing the premises to remain in a destructive and dangerous condition, without the plaintiff in any way contributing thereto.

114. That the defendants herein were negligent, reckless and careless in that they violated their duties to persons on the aforesaid AirTrain, and to this plaintiff in particular, in knowingly

permitting, suffering and allowing the aforesaid AirTrain, to be, become and remain in a defective, unsafe and dangerous condition, and was further negligent in failing to take suitable precautions for the safety of persons lawfully on the aforesaid AirTrain.

115. That by reason of the foregoing and the negligence of the defendants, the plaintiff, **MATTHEW PENSO**, was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

116. That by reason of the foregoing, the plaintiff, **MATTHEW PENSO,** was compelled to and did necessarily require medical aid and attention, and did necessarily pay and become liable therefore for medicines and upon information and belief, the plaintiff, **MATTHEW PENSO,** will necessarily incur similar expenses.

117. That by reason of the foregoing, the plaintiff, **MATTHEW PENSO**, has been unable to attend to his usual occupation in the manner required.

118. That as a result of the foregoing, the plaintiff, **MATTHEW PENSO**, sustained damages in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action.

119. WHEREFORE, plaintiff demands judgment against the defendants for damages, interest, costs of suit and attorney's fees.

## <u>NOTICE OF OTHER ACTIONS</u>

Pursuant to Rule 4:5-1, I hereby certify that the matter in controversy is the subject of another pending court action in the case of *Matthew Penso v. Port Authority of New York and New Jersey, et al.,* Index/Docket No. 525664/2022, filed in Supreme Court of New York, County of Kings.

Currently sub judice in said action is Defendant Port Authority of New York's pending motion to dismiss for forum non conveniens and Defendant Bombardier's motion to dismiss for lack of personal jurisdiction.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues.

## DEMAND FOR INSURANCE INFORMATION

Pursuant to Rule 4:10(b), demand is hereby made that Defendants disclose to Plaintiff's attorney whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment and provide Plaintiff's attorneys with true copies of such insurance agreements or policies, including but not limited to, any and all Declaration Sheets. This Demand shall be deemed to include and cover not only primary coverage but also any and all excess, catastrophe, and umbrella policies.

## DEMAND FOR ANSWERS TO INTERROGATORIES

PLEASE TAKE NOTICE that the Plaintiff hereby demands of the Defendants written answers to Uniform Interrogatories within the time prescribed by the Rules of the Court.

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that pursuant to Rule 4:25-4, Albert K. Kim Esq. is hereby designated as trial counsel for Plaintiff, MATTHEW PENSO, in the above-captioned litigation.

## <u>CERTIFICATION PURSUANT TO RULE 4:5-1</u>

Albert K. Kim, Esq., an attorney at law hereby certifies as follows:

1.  I am an attorney at law of the State of New Jersey.

2.  I do not know of any other individual, company, or partnership who should be joined in this

    action.

Dated: December 13, 2022

ELEFTERAKIS, ELEFTERAKIS & PANEK

By:_____
    Albert K. Kim, Esq.
    *Attorneys for Plaintiff*
    80 Pine Street, 38th Floor
    New York, New York 10005
    (212) 532-1116

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-007408-22

**Case Caption:** PENSO MATTHEW  VS PORT AUTHORITY OF NE W YORK AN

**Case Initiation Date:** 12/13/2022

**Attorney Name:** ALBERT K KIM

**Firm Name:** ELEFTERAKIS & ELEFTERAKIS PC

**Address:** 80 PINE ST 38TH FL
NEW YORK NY 10005

**Phone:** 2125321116

**Name of Party:** PLAINTIFF : Penso, Matthew

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** YES

**If yes, list docket numbers:** Index/Docket No. 525664/2022, filed in Supreme Court of New York

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** YES

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Matthew Penso?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/13/2022
Dated

/s/ ALBERT K KIM
Signed

# Exhibit C

*Office of the Secretary* <span style="float:right">**MEMORANDUM**</span>

**TO:**      PORT AUTHORITY OF NEW YORK AND NEW JERSEY

**DATE:**      **5/9/2022**

**TIME:**      **2:52PM**

**SUBJECT:**      MATTHEW PENSO VS JOHN DOE "OPERATOR", THE PORT AUTHORITY OF NY & NJ (ET AL)

**CASE NO.:**      *N/A*
**INDEX NO.:**      *N/A*
**DOCKET NO.:**      *N/A*

**TYPE:**      NOTICE OF CLAIM

**CC:**      MEGAN LEE

I, STEVENSON NOEL, accept this legal document on behalf of the Office of the Secretary, The Port Authority of New York and New Jersey.

**METHOD OF SERVICE:**      Personal

_____

**Signature**

*In the Matter of the Claim of*

*MATTHEW PENSO*

*against*

*THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY and JOHN DOE "Operator"*

*TO:*

> THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY
> 4 World Trade Center,
> 150 Greenwich Street, 23rd Floor
> New York, New York 10007

> *PLEASE TAKE NOTICE that the undersigned claimant hereby makes claim and demand against THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY and JOHN DOE "Operator," as follows:*

**1.   The name and post-office address of each claimant and claimant's attorney is:**

MATTHEW PENSO

█████████
Irvine, CA 92620

Elefterakis, Elefterakis, & Panek
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116

**2.   The nature of the claim:**

To recover money damages for personal injuries, pain and suffering, medical expenses, loss off earnings and related damages incurred by and on behalf of Claimant, MATTHEW PENSO, by reason of the negligence, carelessness, recklessness and culpable conduct of *THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY and JOHN DOE "Operator,"* their agents, servants and/or employees.

**3. The time when, the place where and the manner in which the claim arose:**

**WHEN:** On or about December 15, 2021, at approximately 5:30 p.m.

**WHERE:** At Newark Liberty International Airport, between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey. More specifically, claimant was caused to fall on the AirTrain at or near Marker X46. (See one photograph attached herein).

**MANNER:** The accident occurred when the claimant was a passenger on the aforementioned AirTrain. At the above date and time, claimant was injured when the AirTrain came to an abrupt

stop and then instantaneously went into reverse causing claimant to be violently thrown about/fall and sustain serious personal injuries.

The aforesaid accident occurred as a result of the negligence of *THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY and JOHN DOE "Operator,"* in the ownership, operation, management, maintenance, and/or control of said train; in driving, controlling and/or operating said train at a rate of speed that was excessive under the circumstances then and there prevailing; in failing to reasonably apply the brakes to said train to bring same to a stop; in failing to supply said train with adequate brakes that were in good working order; in failing to train, instruct and/or supervise the aforesaid operator of the train; in failing to drive and operate said train at a consistent speed; in negligently maintaining said train; in negligently inspecting, maintaining, and controlling the train including but not limited to the electrical and wiring of said train and the tracks, and in violating any and all statutes, ordinances, rules and regulations of the road which may be applicable herein.

**4. The items of damage or injuries claimed are:**

The claimant, MATTHEW PENSO, sustained injuries, internal and external injuries to the whole body, lower and upper limbs, the full extent of which are unknown, permanent physical pain and mental anguish, loss of quality of life, future pain and suffering, future medical bills, future diminution of income, compensatory damages and punitive damages.

**TOTAL AMOUNT CLAIMED: Ten Million Dollars ($10,000,000.00)**

The undersigned claimant therefore presents this claim for adjustment and payment. You are hereby notified that unless said claim is adjusted and paid within the time provided by law from the date of presentation to you, the claimant intends to commence an action on this claim.

*As you are now formally put on notice of this claim, please search for and preserve all evidence pertaining to the above referenced accident/incident at the above referenced location; including but not limited to any and all videos, accident/incident reports, witness statements, and/or any documentation regarding the investigation of said incident.*

*Please allow this to serve as a formal demand for any and all videos or other media, incident reports, accident reports, etc., regarding said incident to be exchanged before conducting any deposition, examination, or hearing of the claimant, including pursuant to General Municipal Law 50-H.*

*Dated: New York, New York*
*May 3, 2022*

Respectfully submitted,

_____
Nicholas Elefterakis, Esq., on behalf of
Claimant, MATTHEW PENSO

Elefterakis, Elefterakis, & Panek
**Attorneys for Claimant**
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116

Sworn to before me on this
3rd day of May, 2022

NOTARY PUBLIC

KAHLIL SAUNDERS
NOTARY PUBLIC-STATE OF NEW YORK
No. 01SA6401352
Qualified in Kings County
My Commission Expires 12-09-2023



## ATTORNEY'S VERIFICATION

STATE OF NEW YORK    )
                          )
COUNTY OF NEW YORK  )  SS:

The undersigned, an attorney admitted to practice in the Courts of the State of New York, and an associate of the law firm of Elefterakis, Elefterakis, & Panek attorneys of record for the claimant herein, affirms:

That he has read the attached NOTICE OF CLAIM and the same is true to his own knowledge, except as to the matters alleged on information and belief, and as to those matters, he believes them to be true to the best of his knowledge.

That affirmant's sources of information are facts as ascertained from claimant, upon investigation and files maintained in your affirmant's law office.

That this verification is made by your affirmant due to the fact that claimant does not presently reside within the county in which your affirmant maintains his law office, or is presently outside the county in which your affirmant maintains his law office.

The undersigned affirms that the foregoing statements are true, under penalties of perjury.

Dated:  New York, New York
         May 3, 2022

                                     _____
                                     Nicholas Elefterakis, Esq.

Sworn to before me on this
3rd day of May, 2022

_____
NOTARY PUBLIC

*IN THE MATTER OF THE CLAIM OF*

*MATTHEW PENSO*

*against*

*THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY and JOHN DOE ("Operator")*

## NOTICE OF CLAIM

### ELEFTERAKIS, ELEFTERAKIS & PANEK
*Attorneys for Plaintiff(s)*
80 PINE STREET, 38th FLOOR
NEW YORK, NEW YORK 10005
(212) 532-1116

*To*

*Attorney(s) for*

*Service of a copy of the within*      *is hereby admitted.*
*Dated:*

*Attorney(s) for*

☐   *PLEASE TAKE NOTICE that the within is a true copy of an Order signed by the Honorable*
*that was entered in the office of the clerk of the within named Court on*

### NOTICE OF ENTRY
------------------------------------------------------------------------------

☐   *that an Order of which the within is a true copy will be presented for settlement to the*
*, one of the judges of the within named Court for signature*
**on**
Dated: Brooklyn, NY

## NOTICE OF SETTLEMENT

### ELEFTERAKIS, ELEFTERAKIS & PANEK
*Attorneys for Plaintiff(s)*
80 PINE STREET, 38th FLOOR
NEW YORK, NEW YORK 10005
(212) 532-1116

# Exhibit D

279500132v.1

# Case Summary

**Case Number:** ESX L-007408-22

**Case Caption:** Penso Matthew Vs Port Authority Of Ne W York An

| | | |
|---|---|---|
| **Court:** Civil Part | **Venue:** Essex | **Case Initiation Date:** 12/13/2022 |
| **Case Type:** Personal Injury | **Case Status:** Active | **Jury Demand:** 6 Jurors |
| **Case Track:** 2 | **Judge:** Stephen L Petrillo | **Team:** 2 |
| **Original Discovery End Date:** | **Current Discovery End Date:** | **# of DED Extensions:** 0 |
| **Original Arbitration Date:** | **Current Arbitration Date:** | **# of Arb Adjournments:** 0 |
| **Original Trial Date:** | **Current Trial Date:** | **# of Trial Date Adjournments:** 0 |
| **Disposition Date:** | **Case Disposition:** Open | **Statewide Lien:** |

## Plaintiffs
**Matthew Penso**

| | |
|---|---|
| **Party Description:** Individual | **Attorney Name:** Albert K Kim |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** 095812013 |
| **City:** **State:** CA | **Zip:** 00000 | **Phone:** |

**Attorney Email:** AKIM@ELEFTERAKISLAW.COM

## Defendants
**Port Authority Of New York And**

| | |
|---|---|
| **Party Description:** Business | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** **State:** NJ | **Zip:** 00000 | **Phone:** |

**Attorney Email:**

**Bombardier Transportation (Hol**

| | |
|---|---|
| **Party Description:** Business | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** **State:** NJ | **Zip:** 00000 | **Phone:** |

**Attorney Email:**

**-5 John Doe Company # 1**

| | |
|---|---|
| **Party Description:** Fictitious | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** **State:** NJ | **Zip:** 00000 | **Phone:** |

**Attorney Email:**

## Case Actions

| Filed Date | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|
| 12/13/2022 | Complaint with Jury Demand for ESX-L-007408-22 submitted by KIM, ALBERT K, ELEFTERAKIS & ELEFTERAKIS PC on behalf of MATTHEW PENSO against PORT AUTHORITY OF NEW YORK AND, BOMBARDIER TRANSPORTATION (HOL, JOHN DOE COMPANY # 1-5 | LCV20224198866 | 12/13/2022 |
| 12/14/2022 | TRACK ASSIGNMENT Notice submitted by Case Management | LCV20224204330 | 12/14/2022 |
| 01/23/2023 | AFFIDAVIT OF SERVICE submitted by KIM, ALBERT, K of ELEFTERAKIS & ELEFTERAKIS PC on behalf of MATTHEW PENSO against PORT AUTHORITY OF NEW YORK AND, BOMBARDIER TRANSPORTATION (HOL, JOHN DOE COMPANY # 1-5 | LCV2023334302 | 01/23/2023 |
| 01/23/2023 | AFFIDAVIT OF SERVICE submitted by KIM, ALBERT, K of ELEFTERAKIS & ELEFTERAKIS PC on behalf of MATTHEW PENSO against PORT AUTHORITY OF NEW YORK AND, BOMBARDIER TRANSPORTATION (HOL | LCV2023334319 | 01/23/2023 |
| 01/23/2023 | AFFIDAVIT OF SERVICE submitted by KIM, ALBERT, K of ELEFTERAKIS & ELEFTERAKIS PC on behalf of MATTHEW PENSO against PORT AUTHORITY OF NEW YORK AND, BOMBARDIER TRANSPORTATION (HOL, JOHN DOE COMPANY # 1-5 | LCV2023334332 | 01/23/2023 |

Albert K. Kim, Esq. (NJ Bar ID # 095812013)
ELEFTERAKIS, ELEFTERAKIS & PANEK
80 Pine Street, 38th Floor
New York, New York 10005
Phone: (212) 532-1116
Fax: (212) 532-1176
*Attorneys for Plaintiff*

| | |
|---|---|
| MATTHEW PENSO,<br><br>                    Plaintiff,<br><br>          v.<br><br>PORT AUTHORITY OF NEW YORK AND NEW JERSEY, BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., and JOHN DOE COMPANY #1-5 (fictitious name),<br><br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION; ESSEX COUNTY<br><br>DOCKET NUMBER:<br><br>CIVIL ACTION<br><br>SUMMONS |

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.)

If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiffs demand, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

_____
Clerk of the Superior Court

TO:

| *THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY*<br>4 World Trade Center,<br>150 Greenwich Street, 23rd Floor<br>New York, New York 10007 | *BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.*<br>28 Liberty Street<br>New York, NY 10005 |
|---|---|
| | *BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.*<br>1501 Lebanon Church Road<br>Pittsburgh, PA 15236 |

Albert K. Kim, Esq. (NJ Bar ID # 095812013)
ELEFTERAKIS, ELEFTERAKIS & PANEK
80 Pine Street, 38th Floor
New York, New York 10005
Phone: (212) 532-1116
Fax: (212) 532-1176
*Attorneys for Plaintiff*

| | |
|---|---|
| MATTHEW PENSO,<br><br>Plaintiff,<br><br>v.<br><br>PORT AUTHORITY OF NEW YORK AND NEW JERSEY, BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., and JOHN DOE COMPANY #1-5 (fictitious name),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION; ESSEX COUNTY<br><br>DOCKET NUMBER:<br><br>CIVIL ACTION<br><br>COMPLAINT<br>AND<br>JURY DEMAND |

Plaintiff, by his attorneys, ELEFTERAKIS, ELEFTERAKIS & PANEK, as and for his Verified Complaint, respectfully alleges, upon information and belief:

1. That at all of the times hereinafter mentioned, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** was a municipal corporation duly organized and existing under and by virtue of the Laws of the State of New York.

2. That on or about May 9, 2022, a Notice of Claim was served on the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, prior to the commencement of this action.

3. That on or about May 9, 2022, MATTHEW PENSO, herein duly presented in writing to the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** the claim for damages herein set forth and upon which this action is founded and that said claim was

presented for adjustment.

4. That said Notice of Claim was served upon the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** and at least 60 days before this action was commenced, and the defendant, has failed and refused to make an adjustment of any claim herein set forth.

5. That all conditions precedent to the bringing of this action have been complied with.

6. That this action was commenced against the **PORT AUTHORITY OF NEW YORK AND NEW JERSEY** within one year after the accrual of the cause of action herein.

7. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** owned the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

8. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** owned the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

9. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** owned the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

10. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** was a lessor of the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

11. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** was a lessor of the AirTrain located at the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

12. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** was a lessee of the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

13. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** was a lessee of the AirTrain located at the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

14. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** operated the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

15. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** operated the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

16. That at all the times hereinafter alleged, and upon information and belief, the defendant,

**PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** maintained the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

17. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** maintained the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

18. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** maintained the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

19. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** failed to properly maintain the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

20. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, controlled the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

21.  That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** managed the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in

Essex County and Elizabeth in Union County, in the State of New Jersey.

22. That at all the times hereinafter alleged, and upon information and belief, the defendant,
**PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** repaired the AirTrain
located at Newark Liberty International Airport, located between the cities of Newark in
Essex County and Elizabeth in Union County, in the State of New Jersey.

23. That at all the times hereinafter alleged, and upon information and belief, the defendant,
**PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** repaired the tracks for the
AirTrain located at Newark Liberty International Airport, located between the cities of
Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

24. That at all the times hereinafter alleged, and upon information and belief, the defendant,
**PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** failed to properly repair the
tracks for the AirTrain located at Newark Liberty International Airport, located between
the cities of Newark in Essex County and Elizabeth in Union County, in the State of New
Jersey.

25. That at all the times hereinafter alleged, and upon information and belief, the defendant,
**PORT AUTHORITY OF NEW YORK AND NEW JERSEY** was responsible for the
repair and maintenance of the AirTrain located at Newark Liberty International Airport,
located between the cities of Newark in Essex County and Elizabeth in Union County, in
the State of New Jersey.

26. That at all the times hereinafter alleged, and upon information and belief, the defendant,
**PORT AUTHORITY OF NEW YORK AND NEW JERSEY** was responsible for the
repair and maintenance of the tracks for the AirTrain located at Newark Liberty International
Airport, located between the cities of Newark in Essex County and Elizabeth in Union

County, in the State of New Jersey.

27. That at all times herein mention, the Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, allowed the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey, to become and remain in a defective and dangerous condition.

28. That at all times herein mention, Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, allowed the defective and dangerous condition to exist at the aforesaid location for unreasonable length of time before the aforesaid occurrence and Defendant knew or should have known of condition and did not remedy same.

29. That at all times hereinafter alleged and upon information and belief, prior to December 15, 2021, Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, entered into an agreement and/or arrangement to provide and perform certain work, labor and/or services at the above-referenced location.

30. That upon information and belief, on December 15, 2021 or prior thereto, Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, entered into a contract to provide and perform certain work, labor and/or services at the above-referenced location.

31. That at all times hereinafter alleged and upon information and belief, prior to December 15, 2021, Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, hired various entities to provide and perform certain work, labor and/or services at the above-referenced location.

32. That upon information and belief, on December 15, 2021, Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, by its agents, servants and

employees, was performing certain work, labor and/or services at the above-referenced location, and directed, supervised and controlled all of the work, labor and/or services performed in and about the aforesaid location.

33. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** failed to repair and/or update the operating system of the AirTrain located at Newark Liberty International Airport, in the State of New Jersey.

34. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** failed to repair and/or update the electrical system of the AirTrain located at Newark Liberty International Airport, in the State of New Jersey.

35. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** had knowledge that the AirTrain located at Newark Liberty International Airport, in the State of New Jersey, was defective and in need of repairs.

36. That at all the times hereinafter alleged, and upon information and belief, the defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY,** knowing that the AirTrain located at Newark Liberty International Airport, in the State of New Jersey, was defective and in need of repairs, failed to provide alternative means of transportation.

37. Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, by its agents, servants, employees, agencies and/or all departments, failed to adequately and properly test and/or screen applicants for the position of operating the AirTrain.

38. Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, by its agents,

servants, employees, agencies and/or all departments, failed to adequately and properly train their employees for operating the AirTrain.

39. Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly hired applicants for the position of operating the AirTrain.

40. Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly trained employees for operating the AirTrain.

41. Defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly retained employees for operating the AirTrain.

42. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** owned the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

43. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** owned the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

44. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** owned the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

45. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** was a lessor of the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

46. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** was a lessor of the AirTrain located at the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

47. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** was a lessee of the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

48. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** was a lessee of the AirTrain located at the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

49. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** operated the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

50. That at all the times hereinafter alleged, and upon information and belief, the defendant,

**BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** operated the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

51. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** maintained the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

52. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** maintained the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

53. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** maintained the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

54. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** failed to properly maintain the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

55. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** controlled the AirTrain located at Newark Liberty International Airport, located between the cities of

Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

56. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** managed the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

57. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** repaired the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

58. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** repaired the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

59. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** failed to properly repair the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

60. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.** was responsible for the repair and maintenance of the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

61. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.** was responsible for the repair and maintenance of the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

62. That at all times herein mention, the Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.**, allowed the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey, to become and remain in a defective and dangerous condition.

63. That at all times herein mention, Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.**, allowed the defective and dangerous condition to exist at the aforesaid location for unreasonable length of time before the aforesaid occurrence and Defendant knew or should have known of condition and did not remedy same.

64. That at all times hereinafter alleged and upon information and belief, prior to December 15, 2021, Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.**, entered into an agreement and/or arrangement to provide and perform certain work, labor and/or services at the above-referenced location.

65. That upon information and belief, on December 15, 2021 or prior thereto, Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.**, entered into a contract to provide and perform certain work, labor and/or services at the above-referenced location.

66. That at all times hereinafter alleged and upon information and belief, prior to December

15, 2021, Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.**, hired various entities to provide and perform certain work, labor and/or services at the above-referenced location.

67. That upon information and belief, on December 15, 2021, Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.**, by its agents, servants and employees, was performing certain work, labor and/or services at the above-referenced location, and directed, supervised and controlled all of the work, labor and/or services performed in and about the aforesaid location.

68. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** failed to repair and/or update the operating system of the AirTrain located at Newark Liberty International Airport, in the State of New Jersey.

69. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** failed to repair and/or update the electrical system of the AirTrain located at Newark Liberty International Airport, in the State of New Jersey.

70. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** had knowledge that the AirTrain located at Newark Liberty International Airport, in the State of New Jersey, was defective and in need of repairs.

71. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.,** knowing that the AirTrain located at Newark Liberty International Airport, in the State of New Jersey, was

defective and in need of repairs, failed to provide alternative means of transportation.

72. Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.**, by its agents, servants, employees, agencies and/or all departments, failed to adequately and properly test and/or screen applicants for the position of operating the AirTrain.

73. Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.**, by its agents, servants, employees, agencies and/or all departments, failed to adequately and properly train their employees for operating the AirTrain.

74. Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly hired applicants for the position of operating the AirTrain.

75. Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly trained employees for operating the AirTrain.

76. Defendant, **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly retained employees for operating the AirTrain.

77. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** owned the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

78. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** owned the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and

Elizabeth in Union County, in the State of New Jersey.

79. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** owned the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

80. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** was a lessor of the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

81. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** was a lessor of the AirTrain located at the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

82. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** was a lessee of the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

83. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** was a lessee of the AirTrain located at the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

84. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** operated the premises known as Newark

Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

85. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name).,** operated the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

86. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** maintained the premises known as Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

87. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** maintained the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

88. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** maintained the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

89. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name).,** controlled the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

90. That at all the times hereinafter alleged, and upon information and belief, the defendant,

**JOHN DOE COMPANY #1-5 (fictitious name),** managed the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

91. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** repaired the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

92. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** repaired the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

93. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name)** was responsible for the repair and maintenance of the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

94. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name)** was responsible for the repair and maintenance of the tracks for the AirTrain located at Newark Liberty International Airport, located between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey.

95. That at all times herein mention, the Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, allowed the AirTrain located at Newark Liberty International Airport, located

between the cities of Newark in Essex County and Elizabeth in Union County, in the State of New Jersey, to become and remain in a defective and dangerous condition.

96. That at all times herein mention, Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, allowed the defective and dangerous condition to exist at the aforesaid location for unreasonable length of time before the aforesaid occurrence and Defendant knew or should have known of condition and did not remedy same.

97. That at all times hereinafter alleged and upon information and belief, prior to December 15, 2021, Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, entered into an agreement and/or arrangement to provide and perform certain work, labor and/or services at the above-referenced location.

98. That upon information and belief, on December 15, 2021 or prior thereto, Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, entered into a contract to provide and perform certain work, labor and/or services at the above-referenced location.

99. That at all times hereinafter alleged and upon information and belief, prior to December 15, 2021, Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, hired various entities to provide and perform certain work, labor and/or services at the above-referenced location.

100. That upon information and belief, on December 15, 2021, Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, by its agents, servants and employees, was performing certain work, labor and/or services at the above-referenced location, and directed, supervised and controlled all of the work, labor and/or services performed in and about the aforesaid location.

101. That at all the times hereinafter alleged, and upon information and belief, the defendant,

**JOHN DOE COMPANY #1-5 (fictitious name),** failed to repair and/or update the operating system of the AirTrain located at Newark Liberty International Airport, in the State of New Jersey.

102. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** failed to repair and/or update the electrical system of the AirTrain located at Newark Liberty International Airport, in the State of New Jersey.

103. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** had knowledge that the AirTrain located at Newark Liberty International Airport, in the State of New Jersey, was defective and in need of repairs.

104. That at all the times hereinafter alleged, and upon information and belief, the defendant, **JOHN DOE COMPANY #1-5 (fictitious name),** knowing that the AirTrain located at Newark Liberty International Airport, in the State of New Jersey, was defective and in need of repairs, failed to provide alternative means of transportation.

105. Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, by its agents, servants, employees, agencies and/or all departments, failed to adequately and properly test and/or screen applicants for the position of operating the AirTrain.

106. Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, by its agents, servants, employees, agencies and/or all departments, failed to adequately and properly train their employees for operating the AirTrain.

107. Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly hired

applicants for the position of operating the AirTrain.

108. Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly trained employees for operating the AirTrain.

109. Defendant, **JOHN DOE COMPANY #1-5 (fictitious name)**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly retained employees for operating the AirTrain.

110. That on or about December 15, 2021, the plaintiff, **MATTHEW PENSO,** was a passenger on the aforesaid AirTrain.

111. That on or about December 15, 2021, while the plaintiff, **MATTHEW PENSO**, was on the aforesaid AirTrain, he was caused to be seriously injured when the AirTrain came to an abrupt stop and then instantaneously went into reverse causing claimant to be violently thrown about/fall.

112. That the aforesaid accident was due solely and wholly as a result of the careless and negligent manner in which the defendants owned, operated, maintained, controlled, managed, leased, supervised, repaired, inspected, constructed, designed, the aforesaid AirTrain located at Newark International Airport without the plaintiff in any way contributing thereto.

113. That the defendants herein were negligent, reckless and careless in that they violated their duties to persons on the aforesaid premises and on the AirTrain, and to this plaintiff in particular, in knowingly permitting, suffering and allowing the premises to remain in a destructive and dangerous condition, without the plaintiff in any way contributing thereto.

114. That the defendants herein were negligent, reckless and careless in that they violated their duties to persons on the aforesaid AirTrain, and to this plaintiff in particular, in knowingly

permitting, suffering and allowing the aforesaid AirTrain, to be, become and remain in a defective, unsafe and dangerous condition, and was further negligent in failing to take suitable precautions for the safety of persons lawfully on the aforesaid AirTrain.

115. That by reason of the foregoing and the negligence of the defendants, the plaintiff, **MATTHEW PENSO**, was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

116. That by reason of the foregoing, the plaintiff, **MATTHEW PENSO,** was compelled to and did necessarily require medical aid and attention, and did necessarily pay and become liable therefore for medicines and upon information and belief, the plaintiff, **MATTHEW PENSO,** will necessarily incur similar expenses.

117. That by reason of the foregoing, the plaintiff, **MATTHEW PENSO**, has been unable to attend to his usual occupation in the manner required.

118. That as a result of the foregoing, the plaintiff, **MATTHEW PENSO**, sustained damages in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action.

119. WHEREFORE, plaintiff demands judgment against the defendants for damages, interest, costs of suit and attorney's fees.

## <u>NOTICE OF OTHER ACTIONS</u>

Pursuant to Rule 4:5-1, I hereby certify that the matter in controversy is the subject of another pending court action in the case of *Matthew Penso v. Port Authority of New York and New Jersey, et al.,* Index/Docket No. 525664/2022, filed in Supreme Court of New York, County of Kings.

Currently sub judice in said action is Defendant Port Authority of New York's pending motion to dismiss for forum non conveniens and Defendant Bombardier's motion to dismiss for lack of personal jurisdiction.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues.

## DEMAND FOR INSURANCE INFORMATION

Pursuant to Rule 4:10(b), demand is hereby made that Defendants disclose to Plaintiff's attorney whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment and provide Plaintiff's attorneys with true copies of such insurance agreements or policies, including but not limited to, any and all Declaration Sheets. This Demand shall be deemed to include and cover not only primary coverage but also any and all excess, catastrophe, and umbrella policies.

## DEMAND FOR ANSWERS TO INTERROGATORIES

PLEASE TAKE NOTICE that the Plaintiff hereby demands of the Defendants written answers to Uniform Interrogatories within the time prescribed by the Rules of the Court.

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that pursuant to Rule 4:25-4, Albert K. Kim Esq. is hereby designated as trial counsel for Plaintiff, MATTHEW PENSO, in the above-captioned litigation.

<u>**CERTIFICATION PURSUANT TO RULE 4:5-1**</u>

Albert K. Kim, Esq., an attorney at law hereby certifies as follows:

1. I am an attorney at law of the State of New Jersey.

2. I do not know of any other individual, company, or partnership who should be joined in this

    action.

Dated: December 13, 2022

ELEFTERAKIS, ELEFTERAKIS & PANEK

By:_____
      Albert K. Kim, Esq.
      *Attorneys for Plaintiff*
      80 Pine Street, 38th Floor
      New York, New York 10005
      (212) 532-1116

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-007408-22

**Case Caption:** PENSO MATTHEW  VS PORT AUTHORITY OF NE W YORK AN

**Case Initiation Date:** 12/13/2022

**Attorney Name:** ALBERT K KIM

**Firm Name:** ELEFTERAKIS & ELEFTERAKIS PC

**Address:** 80 PINE ST 38TH FL

NEW YORK NY 10005

**Phone:** 2125321116

**Name of Party:** PLAINTIFF : Penso, Matthew

**Name of Defendant's Primary Insurance Company**

(if known): None

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** YES

**If yes, list docket numbers:** Index/Docket No. 525664/2022, filed in Supreme Court of New York

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** YES

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Matthew Penso?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
  **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
  **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/13/2022
Dated

/s/ ALBERT K KIM
Signed

ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK          NJ 07102
                              TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (973) 776-9300
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   DECEMBER 13, 2022
                    RE:     PENSO MATTHEW  VS PORT AUTHORITY OF NE W YORK AN
                    DOCKET: ESX L -007408 22


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON STEPHEN L. PETRILLO

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      002
AT:  (973) 776-9300 EXT 57184.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                         ATT: ALBERT K. KIM
                         ELEFTERAKIS & ELEFTERAKIS PC
                         80 PINE ST 38TH FL
                         NEW YORK        NY 10005


ECOURTS

Form 27 - AFFIDAVIT OF SERVICE

P7737455

**ELEFTERAKIS, ELEFTERAKIS & PANEK**   SAMANTHA CHASE
SUPERIOR COURT OF NEW JERSEY LAW DIVISION ESSEX COUNTY

MATTHEW PENSO

PLAINTIFF

– vs –

PORT AUTHORITY OF NEW YORK AND NEW JERSEY, ETAL

DEFENDANT

Index No. **ESX-L-007408-22**
Date Filed
Office No.
Court Date.

STATE OF **NEW YORK**, COUNTY OF **NEW YORK**        :SS:

**DONDRE DENNIS** being duly sworn, deposes and says; I am over 18 years of age, not a party to this action, and reside in the State of New York. That on the **14TH** day of **DECEMBER, 2022 2:10PM** at
**28 LIBERTY STREET**
**NEW YORK NY 10005**
I served a true copy of the **JURY DEMAND, SUMMONS AND COMPLAINT** upon **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.** the **DEFENDANT** therein named by delivering to, and leaving personally with **Mohamed Dansoko, INTAKE SPECIALIST**, who provided verbal confirmation that he or she is authorized to accept by appointment or law to receive service on behalf of the **DEFENDANT**.

Deponent describes the person served as aforesaid to the best of deponent's ability at the time and circumstances of the service as follows:

SEX: **MALE**        COLOR: **BLACK** HAIR: **BLACK**
APP.AGE: **25-30** APP. HT: **6'2** APP. WT: **240**
OTHER IDENTIFYING FEATURES

Sworn to before me this
15TH day of DECEMBER, 2022

SELENA INES ADAMES
Notary Public, State of New York
No. 01AD6365042
Qualified in QUEENS COUNTY
Commission Expires 09/25/2025

DONDRE DENNIS 2082979
Lexitas
1235 BROADWAY 2ND FLOOR
NEW YORK, NY 10001
Reference No: 7-JE1-7737455

2a

Form 27 – AFFIDAVIT OF SERVICE



P7737422

**ELEFTERAKIS, ELEFTERAKIS & PANEK**     SAMANTHA CHASE
SUPERIOR COURT OF NEW JERSEY LAW DIVISION ESSEX COUNTY

MATTHEW PENSO

                                          PLAINTIFF

                    – vs –

PORT AUTHORITY OF NEW YORK AND NEW JERSEY, ETAL

                                          DEFENDANT

Index No. **ESX-L-007408-22**
Date Filed
Office No.
Court Date.

          STATE OF **NEW YORK**, COUNTY OF **NEW YORK**     :SS:

**DONDRE DENNIS** being duly sworn, deposes and says; I am over 18 years of age, not a party to
this action, and reside in the State of New York. That on the **21ST** day of **DECEMBER, 2022 2:44PM**
at
**4 WORLD TRADE CENTER,**
**150 GREENWICH CENTER, 23RD FLOOR**
**NEW YORK NY 10007**
I served a true copy of the **JURY DEMAND, SUMMONS AND COMPLAINT** upon **PORT AUTHORITY OF NEW YORK
AND NEW JERSEY** the **DEFENDANT** therein named by delivering to, and leaving personally with **Nuru
Hamza, SECURITY**, who provided verbal confirmation that he or she is authorized to accept by
appointment or law to receive service on behalf of the **DEFENDANT**.

Deponent describes the person served as aforesaid to the best of deponent's ability at the time
and circumstances of the service as follows:

SEX: **MALE**        COLOR: **BLACK** HAIR: **BLACK**
APP.AGE: **35-40** APP. HT: **5'10** APP. WT: **160**
OTHER IDENTIFYING FEATURES
**Glasses**

Sworn to before me this
22ND day of DECEMBER, 2022

SELENA INES ADAMES
Notary Public, State of New York
No. 01AD6365042
Qualified in QUEENS COUNTY
Commission Expires 09/25/2025

DONDRE DENNIS 2087979
Lexitas
1235 BROADWAY 2ND FLOOR
NEW YORK, NY 10001
Reference No: 7-JE1-7737422

**2a**

Form 27 – AFFIDAVIT OF SERVICE

P7737455

**ELEFTERAKIS, ELEFTERAKIS & PANEK**   SAMANTHA CHASE
SUPERIOR COURT OF NEW JERSEY LAW DIVISION ESSEX COUNTY

MATTHEW PENSO                                                    Index No. **ESX-L-007408-22**

                                              PLAINTIFF            Date Filed

                      – vs –                                       Office No.

PORT AUTHORITY OF NEW YORK AND NEW JERSEY, ETAL                    Court Date.

                                              DEFENDANT

STATE OF **NEW YORK**, COUNTY OF **NEW YORK**        :SS:

**DONDRE DENNIS** being duly sworn, deposes and says; I am over 18 years of age, not a party to this action, and reside in the State of New York. That on the **14TH** day of **DECEMBER, 2022 2:10PM** at
**28 LIBERTY STREET**
**NEW YORK NY 10005**
I served a true copy of the **JURY DEMAND, SUMMONS AND COMPLAINT** upon **BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.** the **DEFENDANT** therein named by delivering to, and leaving personally with **Mohamed Dansoko, INTAKE SPECIALIST**, who provided verbal confirmation that he or she is authorized to accept by appointment or law to receive service on behalf of the **DEFENDANT**.

Deponent describes the person served as aforesaid to the best of deponent's ability at the time and circumstances of the service as follows:

SEX: **MALE**        COLOR: **BLACK** HAIR: **BLACK**
APP.AGE: **25-30** APP. HT: **6'2** APP. WT: **240**
OTHER IDENTIFYING FEATURES

Sworn to before me this
15TH day of DECEMBER, 2022

SELENA INES ADAMES                    DONDRE DENNIS 2798079
Notary Public, State of New York      Lexitas
No. 01AD6365042                       1235 BROADWAY 2ND FLOOR
Qualified in QUEENS COUNTY            NEW YORK, NY 10001
Commission Expires 09/25/2025         Reference No: 7-JE1-7737455

2a

# Affidavit of Process Server

## SUPERIOR COURT OF NEW JERSEY LAW DIVISION ESSEX COUNTY

(NAME OF COURT)

**MATTHEW PENSO**

VS  BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC

INDEX #: ESX-L-007408-22

| PLAINTIFF/PETITIONER | DEFENDANT/RESPONDENT | CASE NUMBER |
|---|---|---|

I **Chris Stanton** _____, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

**Service:** I ■served ☐was unable to serve : BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC. C/O CT CORP

NAME OF PERSON TO BE SERVED

with (list documents) SUMMONS AND COMPLAINT JURY DEMAND

by leaving with **Linda Banks, Process Coordinator** _____ At

| NAME | RELATIONSHIP / POSITION |
|---|---|

☐ Residence _____

| ADDRESS | CITY / STATE |
|---|---|

■ Business 289 S CULVER ST, LAWRENCEVILLE, GA 30046

| ADDRESS | CITY / STATE |
|---|---|

On ___**12/21/22**___ AT ___**11:17 a.m.**___

| DATE | TIME |
|---|---|

☐ Inquired if subject was a member of the U.S. Military and was informed they are not.

Thereafter copies of the documents were mailed by prepaid, first class mail on_____

DATE

from_____

| CITY | STATE | ZIP |
|---|---|---|

**Manner of Service:**

☐ **Personal:** By personally delivering copies to the person being served.

☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.

☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.

■ **Corporate:** By personally delivering copies to the person named above.

☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address   ☐ Moved, Left no Forwarding   ☐ Service Cancelled by Litigant   ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist ☐ Other_____

**Service Attempts:** Service was attempted on: (1)_____ (2)_____

| DATE | TIME | | DATE | TIME |
|---|---|---|---|---|

(3)_____ (4)_____ (5)_____

| DATE | TIME | | DATE | TIME | | DATE | TIME |
|---|---|---|---|---|---|---|---|

**Description:**. Age **70s** Sex **F** Race **W** Height **5'4** Weight **140** Hair **Gray** Beard_____ Glasses **Yes**

_____

SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this ___**23**___ day of ___**Dec**___, 20 **23** by **Chris Stanton**
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me

_____

SIGNATURE OF NOTARY PUBLIC

NOTARY PUBLIC for the state of_____

NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

# Exhibit E

279500132v.1

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Matthew R. Major, Esq. (Atty. ID 035182010)
7 Giralda Farms, Suites 100/100
Madison, New Jersey 07940
Tel: (973) 624-0800 Fax: (973) 624-0808
*Attorneys for Defendants, Port Authority of New*
*York and New Jersey and Bombardier Transportation (Holdings) USA, Inc.*

| | |
|---|---|
| MATTHEW PENSO,<br><br>        Plaintiff,<br> v.<br><br>PORT AUTHORITY OF NEW YORK AND NEW JERSEY, BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., and JOHN DOE COMPANY #1-5 (fictitious name),<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br>DOCKET NO. ESX-L-7408-22<br><br>*Filed Electronically*<br><br>**NOTICE OF FILING OF NOTICE OF REMOVAL** |

**TO**: Clerk, Superior Court of New Jersey
   Essex County Courthouse
   465 Dr. Martin Luther King Jr. Blvd.
   Newark, NJ 07102

   Albert K. Kim, Esq.
   Elefterakis, Elefterakis & Panek
   80 Pine Street, 38th Floor
   New York, New York 100056
   *Attorneys for Plaintiff, Matthew Penso*

**COUNSEL:**

  **PLEASE TAKE NOTICE** that on or about January 26, 2023, Defendant, Bombardier

Transportation (Holdings) USA, Inc. filed a Notice of Removal of the above-captioned action in

the United States District Court for the District of New Jersey, together with copies of all

documents provided by Plaintiff to Bombardier in this action.

1

A copy of the Notice of Removal is attached to this Notice as **Exhibit A**.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ**
**EDELMAN & DICKER, LLP**

By:       */s/ Matthew R. Major*
_____
Matthew R. Major, Esq.
7 Giralda Farms, Suites 100/110
Madison, NJ 08940
Tel.: (973) 624-0800
Fax: (973) 624-0808
Matthew.Major@wilsonelser.com
*Attorneys for Defendants Port Authority of New*
*York and New Jersey and Bombardier*
*Transportation (Holdings) USA, Inc.*

Dated: January 26, 2023

2