*28473*
Salvatore Imbornone, Jr., - I.D. No.: 000801984
McHUGH & IMBORNONE, P.A.
29 Columbia Turnpike, Suite 101
Florham Park, New Jersey 07932
Telephone: (973) 966-1520

<u>Attorneys for plaintiffs, Paul Drejaj and Kelly Drejaj, his wife</u>

| | |
|---|---|
| PAUL DREJAJ and KELLY DREJAJ, his wife<br><br>               Plaintiffs,<br><br>vs.<br><br>THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, ABC CO. (1-15), and/or JOHN DOE (1-15) (said names being fictitious and unknown, hereby used to connote either singular or plural individuals and/or companies, corporations or entities, who may have owned, operated, maintained, repaired, and/or controlled the AirTrain Newark Monorail) ALSTOM BOMBARDIER TRANSPORTATION (HOLDINGS) USA, INC., XYZ INC. (1-15) and/or ROBERT ROE (1-15) (said names being fictitious and unknown at this time, and used to connote either singular or plural individuals and/or companies, corporations or entities, who may have had a contract, agreement or understanding with defendants named herein, whereby this defendant was required to maintain, inspect, supervise, repair and otherwise service the AirTrain Newark Monorail)<br><br>               Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: HUDSON COUNTY<br>DOCKET NO.: HUD-L<br><br>Civil Action<br><br>COMPLAINT, DEMAND FOR JURY TRIAL, DESIGNATION OF TRIAL COUNSEL, DEMAND FOR ANSWERS TO INTERROGATORIES, DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS |

Plaintiffs, Paul Drejaj and Kelly Drejaj, his wife, residing at 29 Sycamore Road, in the Township of Clark, County of Union, State of New Jersey, way of Complaint against defendants, state the following:

## FIRST COUNT

1. On or about April 11, 2021, plaintiff, PAUL DREJAJ, was a passenger on the AirTrain Newark Monorail, who sustained permanent, disabling injuries as a result of the careless, negligent, and reckless conduct of defendants.

2. Plaintiff, KELLY DREJAJ, is and was at all relevant times the wife of plaintiff, PAUL DREJAJ.

3. Plaintiffs, PAUL DREJAJ and KELLY DREJAJ, husband and wife, are adult individuals and citizens of New Jersey, residing at the above address.

4. At all relevant times herein, defendants, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, ABC CO. (1-5) and/or JOHN DOE (1-5) (said names being fictitious and unknown, hereby used to connote either singular or plural individuals and/or companies, corporations or entities, who may have owned, operated, maintained, repaired, and/or controlled the AirTrain Newark Monorail) acted by and through its respective agents, servants, workmen, and employees, who were acting within the scope of their authority and employment.

5. Plaintiffs allege an insufficient amount of time has passed within which to determine the identity of individuals, partnerships, corporations, and/or other parties that may be responsible for causing the accident at issue. Said individuals and business entities have been named as ABC CO. (1-15), JOHN DOE (1-15), XYZ, INC. (1-15) and/or ROBERT ROE (1-15). Plaintiffs reserve the right to amend the complaint to add the names of the individuals and companies once the names are discovered.

6.     On or about April 11, 2021, plaintiff, PAUL DREJAJ, an airport traveler, boarded the AirTrain Newark Monorail at Terminal A and was a passenger on the monorail at the time of the accident.

7.     At all times relevant thereto, defendants, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, ABC CO. (1-15) and/or JOHN DOE (1-15) (said names being fictitious and unknown, hereby used to connote either singular or plural individuals and/or companies, corporations or entities, who may have owned, operated, maintained, repaired, and/or controlled the AirTrain Newark Monorail) owned, operated, maintained, repaired and/or controlled the AirTrain Newark Monorail.

8.     Plaintiff, PAUL DREJAJ, and other passengers on the AirTrain Newark Monorail trusted defendants, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, ABC CO. (1-15) and/or JOHN DOE (1-15) (said names being fictitious and unknown, hereby used to connote either singular or plural individuals and/or companies, corporations or entities, who may have owned, operated, maintained, repaired, and/or controlled the AirTrain Newark Monorail) which defendants had a duty to ensure safe passage to its passengers who had no ability to control the operation themselves.

9.     At all times relevant hereto, the monorail was being operated and controlled by defendants' agents, servants, and/or employees who were working within the course and scope of their employment with defendants.

10.    On the evening of April 11, 2021, the monorail operated by and through defendants' agents, servants, and employees, was being operated in an excessive, careless, negligent, and reckless manner so as to violently throw the plaintiff, PAUL DREJAJ, in and about the cabin of the monorail car, causing plaintiff to sustain serious permanent injuries.

11. As a direct and proximate result of the carelessness, negligence, recklessness, outrageous conduct, and other liability-inducing conduct of defendants, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, ABC CO. (1-15) and/or JOHN DOE (1-15) (said names being fictitious and unknown, hereby used to connote either singular or plural individuals and/or companies, corporations or entities, who may have owned, operated, maintained, repaired, and/or controlled the AirTrain Newark Monorail) by and through its agents, employees, servicemen, and/or other representatives, plaintiff, PAUL DREJAJ, was caused to sustain serious permanent and disabling injuries, medical expenses, past and future loss wages, and pain and suffering.

12. Defendants, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, ABC CO. (1-15) and/or JOHN DOE (1-15) (said names being fictitious and unknown, hereby used to connote either singular or plural individuals and/or companies, corporations or entities, who may have owned, operated, maintained, repaired, and/or controlled the AirTrain Newark monorail), by and through its employees and/or agents caused the injuries and damages sustained by plaintiff and acted carelessly, negligently, recklessly, and outrageously through the following actions and/or inactions:

    a. Operating the monorail at erratic and excessive speed;

    b. Failing to adequately train the operator and crew;

    c. Failing to have adequate policies in place to ensure that the monorail was operated in compliance with all rules, regulations, signals, and speed limits;

    d. Failing to comply with defendants' own safety, operating and other rules, procedures and regulations;

 e. Allowing improperly trained and unqualified personnel to operate the monorail in question;

 f. Hiring an incompetent operator, engineer, and/or crew;

 g. Failing to properly inspect the monorail in question;

 h. Failing to properly maintain and/or repair the monorail in question;

 i. Failing to properly maintain and/or repair the rail system in question;

 j. Permitting an overcrowded monorail to operate at excessive speed;

 k. Failing to have proper safeguards, i.e. handles and straps within the monorail.

13. Plaintiff has served notice of claim as prescribed by N.J.S.A. 3:1-163 and N.J.S.A. 32:1-164 of intention to proceed with a claim against defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY.

WHEREFORE, plaintiff, PAUL DREJAJ, demands judgment against defendants, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, ABC CO. (1-15) and/or JOHN DOE (1-15) (said names being fictitious and unknown, hereby used to connote either singular or plural individuals and/or companies, corporations or entities, who may have owned, operated, maintained, repaired, and/or controlled the AirTrain Newark Monorail) individually, jointly and severally, for damages, interest and costs of suit.

## SECOND COUNT

1. Plaintiff repeats each and every allegation of the previous Count of the Complaint and makes the same a part hereof.

2. Defendants, ALSTOM BOMBARDIER TRANSPORTATION (HOLDINGS) USA, INC., XYZ INC. (1-15) and/or ROBERT ROE (1-15) (said names being fictitious and unknown

at this time, and used to connote either singular or plural individuals and/or companies, corporations or entities had a contract, agreement or understanding with defendants named herein) whereby this defendant was required to maintain, manage, inspect, supervise, repair and/or otherwise service the AirTrain Newark Monorail and keep same in safe operating condition.

3. Defendants, ALSTOM BOMBARDIER TRANSPORTATION (HOLDINGS) USA, INC., XYZ INC. (1-15) and/or ROBERT ROE (1-15), as heretofore described their agents, servants and employees, were careless, negligent and reckless in the performance of their respective duties.

4. As a direct and proximate result of the carelessness, negligence, and recklessness of the defendants, ALSTOM BOMBARDIER TRANSPORTATION (HOLDINGS) USA, INC., XYZ INC. (1-15) and/or ROBERT ROE (1-15) as heretofore described, the plaintiff suffered severe injury, was required and will in the future be required to seek medical attention for his injuries and will continue to suffer great pain and be incapacitated from pursuing his usual employment and other activities. Said injuries have caused the plaintiff pain and suffering, past, present and future, mental anguish and have left the plaintiff with permanent disabilities that will in the future diminish the quality of plaintiff's life.

WHEREFORE, plaintiff demands judgment against defendants, ALSTOM BOMBARDIER TRANSPORTATION (HOLDINGS) USA, INC., XYZ INC. (1-15) and/or ROBERT ROE (1-15) as heretofore described, individually, jointly and severally, for damages, interest and costs of suit.

## THIRD COUNT

1.	Plaintiff, KELLY DREJAJ, repeats each and every allegation of the previous Count of the Complaint and makes the same a part hereof.

2.	Plaintiff, KELLY DREJAJ, is and was the wife of plaintiff, PAUL DREJAJ, on or about April 11, 2021, and as such, is entitled to his services, society, comfort, support and consortium.

3.	As a direct and proximate result of the negligence, carelessness and/or recklessness of the defendants, the plaintiff, KELLY DREJAJ, had to expend large sums of money for medical care for her husband, and has suffered the loss of services, society, comfort, support and consortium.

WHEREFORE, plaintiff, KELLY DREJAJ, demands judgment against the defendants, individually, jointly, and severally, for damages, lawful interest, and costs of suit.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury as to all issues involved herein.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Salvatore Imbornone, Jr., is hereby designated as trial counsel in the above matter.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Demand is hereby made of each defendant for answers to Form C and C (2) Uniform Interrogatories, all within the time limits prescribed by the Rules of Court.

## DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS

Pursuant to R 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered

in the action or to indemnify or reimburse for payment made to satisfy the judgment. If so, please attach a copy of each, or in the alternative state, under oath and certification: (a) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; and (f) medical payment limits.

CERTIFICATION PURSUANT TO R.4:5-1

I hereby certify pursuant to Rule 4:5-1, to the best of my knowledge, information and belief, the matter in controversy is not the subject matter of any other action pending in any other Court or of a pending arbitration proceeding. I further certify that no other persons or entities should be joined in this action.

McHUGH & IMBORNONE, P.A.
Attorneys for plaintiffs, Paul Drejaj and Kelly Drejaj, his wife

By:_____
Salvatore Imbornone, Jr.

Dated: February 2, 2022

# Civil Case Information Statement

**Case Details: HUDSON | Civil Part Docket# L-000469-22**

**Case Caption:** DREJAJ PAUL VS THE PORT AUTHORITY O F NEW YOR
**Case Initiation Date:** 02/04/2022
**Attorney Name:** SALVATORE IMBORNONE JR
**Firm Name:** MC HUGH & IMBORNONE, PA
**Address:** 29 COLUMBIA TURNPIKE STE 101 FLORHAM PARK NJ 07932
**Phone:** 9739661520
**Name of Party:** PLAINTIFF : DREJAJ, PAUL
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: PAUL DREJAJ?** NO

**Are sexual abuse claims alleged by: KELLY DREJAJ?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
     **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
     **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/04/2022                                                                                          /s/ SALVATORE IMBORNONE JR
Dated                                                                                                                      Signed