UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW PENSO, | : |
| Plaintiff, | : Civil Action No. 23-474 (SDW) |
| v. | : |
| BOMBARDIER TRANSPORTATION (HOLDINGS) USA, INC., et al., | : OPINION AND ORDER |
| Defendants. | : |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Plaintiff Matthew Penso ("Plaintiff") seeking leave to file an Amended Complaint. *See* Dkt. No 41. Defendants Bombardier Transportation Holdings (USA), Inc. ("Bombardier") and Port Authority of New York and New Jersey ("PANYNJ") (collectively "Defendants") oppose Plaintiff's motion. *See* Dkt. No. 42. For the reasons set forth below, Plaintiff's motion to amend [Dkt. No. 41] is **DENIED**.

**I.   BACKGROUND**

This action arises from injuries allegedly sustained by Plaintiff as a passenger on the "AirTrain" located at Newark Liberty International Airport in Newark, New Jersey on December 15, 2021. *See* Dkt. No. 1 at Exhibit A ("Complaint"). According to Plaintiff, he was riding on the AirTrain when it "came to an abrupt stop and then instantaneously went into reverse causing [Plaintiff] to be violently thrown about/fall," thereby resulting in serious injuries to Plaintiff. *Id.* at ¶ 111. Plaintiff claims that the AirTrain was "in a defective, unsafe and dangerous condition" and that Defendants were "negligent in failing to take suitable precautions for the safety" of passengers on the AirTrain. *Id.* at ¶ 114.

Plaintiff filed his Complaint in this matter in the Superior Court of New Jersey, Essex

County, Law Division on December 13, 2022. On January 26, 2023, Defendant Bombardier removed the case to this Court pursuant to 28 U.S.C. § 1441, asserting diversity jurisdiction under 28 U.S.C. § 1332. *See* Dkt. No. 1 ("Notice of Removal"). Defendant PANYNJ filed its Answer on February 3, 2023 [*see* Dkt. No. 10] and Defendant Bombardier filed its Answer on February 6, 2023 [*see* Dkt. No. 12].

On April 4, 2023, the Court entered a Pretrial Scheduling Order setting forth dates for the completion of discovery in this matter. *See* Dkt. No. 19. The Pretrial Scheduling Order set a deadline for the filing of motions seeking amendments to the pleadings of August 11, 2023. *Id.* at ¶ 16. The parties requested multiple extensions of the discovery deadlines in this matter [*see* Dkt. Nos. 25, 31, 33], which were granted by the Court [*see* Dkt. Nos. 26, 32, 34]. No party requested an extension of the deadline for motions to amend.

Plaintiff's present motion to amend was filed on March 6, 2024, and seeks to add a cause of action for punitive damages based on Defendant Bombardier's purported "failure to properly and timely inspect and replace the AirTrain . . . ." Dkt. No. 41-1 at p. 14-15. According to Plaintiff, "[d]espite numerous calls, by various agencies, for the replacement of the AirTrain . . . beginning in at the very least 2017 . . . Bombardier has yet to replace the antiquated AirTrain system which had an initial expiration of date of 2021 . . . ." *Id.* at p. 15. Furthermore, Plaintiff claims that "on or about April 11, 2021 . . . another patron was injured riding the AirTrain . . . in a manner similar to the way that Plaintiff was caused to become injured." *Id.*

It is unclear from Plaintiff's motion when or how Plaintiff first became aware of the facts giving rise to the presently sought amendment. However, it appears from the materials attached to Plaintiff's moving brief that the information which forms the basis of the presently sought amendment was discovered by Plaintiff's counsel in several publicly available news articles, the

earliest of which was published on August 3, 2012, and not from any information received from Defendants during the course of discovery. *See* Dkt. No. 41-9 at p. 8-56. The attached news articles discuss generally the replacement and/or updating of the AirTrain. *Id.*

Although it is unclear when Plaintiff discovered the underlying information, it appears that Plaintiff first sought Defendants' consent for the proposed amendment on July 16, 2023.[1] *See* Dkt. No. 41-9 at p. 4. In response to Plaintiff's initial inquiry, Defendants requested that Plaintiff provide a redlined version of the proposed Amended Complaint, which was emailed to Defendants on September 11, 2023. Dkt. No. 41-7. Defendants did not immediately respond upon receipt of the proposed Amended Complaint and Plaintiff sent a follow-up inquiry on October 24, 2023. Dkt. No. 41-8. On November 9, 2023, Defendants' counsel sent an email to Plaintiff's counsel stating:

> I've conferred with my client about your proposed Amended Complaint. In short, we do not consent. In fact, I am going to provide you with reliable and credible information that completely contradicts your theory and the catchy headlines upon which you rely. I encourage you to take the time to review that information. If you wish to discuss further, please let me know.

Dkt. No. 41-10. Defendants' counsel sent the information referenced in the foregoing email to Plaintiff's counsel on January 4, 2024. Dkt. No. 41-1. Plaintiff filed the present motion to amend on March 6, 2024.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 16 "limit[s] the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Requiring the court to include a deadline for amending pleadings in the pretrial scheduling order "assures that at some

---

[1] Although Plaintiff's moving brief states that Plaintiff first sought Defendants' consent for the proposed amendment on September 11, 2023 [Dkt. No. 41-1 at p. 4], attached to Plaintiff's motion is an email from Plaintiff's counsel to Defendants' counsel, dated July 16, 2023, advising that Plaintiff "plan[ned] on making a motion for leave to amend the [C]omplaint to add a count for punitive damages" and seeking Defendants' consent to do so. Dkt. No. 41-9 at p. 4-5.

3

point . . . the pleadings will be fixed." Fed. R. Civ. P. 16(b), Advisory Committee's note on 1983 amendment; *see also Harrison Beverage Co. v. Dribeck Imps.*, 133 F.R.D. 463, 469 (D.N.J. 1990) ("The careful scheme of reasonable framing and enforcement of scheduling orders for case management would thus be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired.").

A motion to amend filed after the Court's Rule 16(b)(3)(A) deadline is subject to a heightened level of scrutiny. *Korrow v. Aaron's, Inc.*, 300 F.R.D. 215, 220 (D.N.J. 2014). The movant must first satisfy the "good cause" requirement of Rule 16(b)(4) to amend the Rule 16 Scheduling Order and obtain the Court's consent "to extend the deadline to amend pleadings." *Id.* (quoting *Velto v. Reliance Standard Life Ins. Co.*, Civ. No. 10-1829, 2011 WL 810550, at *4 (D.N.J. Mar. 1, 2011)); Fed. R. Civ. P. 16(b)(4). Although motions to amend pleadings are generally governed by Federal Rule of Civil Procedure 15, "Rule 16 serves as a threshold or gateway [and] only after a party has shown good cause under Rule 16 does the Court turn to Rule 15(a) and consider whether the party's motion to amend its pleading is appropriate under that standard." *Doe v. Hosp. of Univ. of Pennsylvania*, No. CV 19-2881-KSM, 2021 WL 2671791, at *7 (E.D. Pa. June 29, 2021) (citation omitted).

The good cause standard is "not a low threshold." *J.G. v. C.M.*, 2014 U.S. Dist. LEXIS 56143, at *4, 2014 WL 1652793 (D.N.J. Apr. 23, 2014) (Martini, J.). A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Rec. Inc.*, 975 F.2d 604, 610 (9th Cir. 1992); *see also Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 1992 U.S. Dist. LEXIS 11692, 1992 WL 183712 (D.N.J. July 20, 1992). As a result, permitting discovery extensions in the absence of good cause would "deprive the trial judges of the ability to effectively manage the cases on their overcrowded

dockets." *Koplove v. Ford Motor Corp.*, 795 F. 2d 15, 18 (3d Cir. 1986). "'Good cause' under Rule 16(b) focuses on the diligence of the party seeking the modification of the scheduling order." *Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 279 (E.D. Pa. 2010); *see also* Fed. R. Civ. P. 16, advisory committee's note to 1983 amendment ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."); *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) ("[W]e have repeatedly recognized — and we reaffirm today — that whether 'good cause' exists under Rule 16(b)(4) depends in part on a plaintiff's diligence."). If the moving party "knows or is in possession of the information that forms the basis of the later motion to amend" before the deadline has passed, "the party is presumptively not diligent." *Price*, 737 F. Supp. 2d at 280.

### III.  DISCUSSION

Plaintiff contends that his motion to amend is proper under Federal Rule of Civil Procedure 15 and argues that no party will be prejudiced by the proposed amendment. However, because the deadline to file motions to amend the pleadings in this matter expired on August 11, 2023, and because Plaintiff's present motion to amend was filed on March 6, 2024, nearly seven months later, Rule 16 governs Plaintiff's motion to amend and Plaintiff must demonstrate good cause under Rule 16 "before [the Court] considers whether the party also meets Rule 15(a)'s more liberal standard." *Premier Comp Sols., LLC*, 970 F.3d at 319.

Despite being well past the August 11, 2023 deadline for amending pleadings set by the Court, Plaintiff moves solely under Rule 15. Where, as here, a party moving to amend "fails to even discuss due diligence, relying instead on Rule 15(a)," that party "utterly fails to establish good cause for leave to file [an amended complaint]" and leave to amend is properly denied. *Premier Comp Sols. LLC v. UPMC Health Network, Inc.*, No. 2:15CV703, 2017 WL 11680911,

at *2 (W.D. Pa. Sept. 26, 2017), *aff'd*, *Premier Comp Sols., LLC*, 970 F.3d at 316. However, while the Court is "entitled to find [Plaintiff] forfeited [his] argument under Rule 16(b)(4)" because Plaintiff's moving brief "relied solely on Rule 15(a)," in the interest of reaching a final resolution of this matter, the Court will consider Plaintiff's arguments regarding Rule 16 raised in his reply brief. *Premier Comp Sols., LLC*, 970 F.3d at 319.

Plaintiff sets forth two arguments in his reply brief in support of his contention that Rule 16's good cause requirement has been met. First, Plaintiff claims that his delay in filing the present motion was "due to his unsuccessful attempts to get consent from Defendants' counsel to amend." Dkt. No. 47 at p. 2-3. According to Plaintiff, Defendants denied consent to amend on January 4, 2024, when Defendants' counsel provided the documents referenced in his November 9, 2023 email. *Id.* However, Defendants' counsel's November 9, 2023 email stated unequivocally that Defendants "do not consent" to Plaintiff's proposed amendment. Dkt. No. 41-10. Thus, to the extent that Plaintiff attempts to place the blame for his delay on seeking Defendants' consent, that delay is measured from November 9, 2023, not January 4, 2024. Furthermore, even if the Court were accept Plaintiff's contention that Defendants' consent was denied on January 4, 2024, Plaintiff provides no explanation for waiting another two months, until March 6, 2024, to file the present motion.

Secondly, Plaintiff argues that he "was and is not in possession of all of the documents purported by Defendants[s] to be contrary to his theory of punitive damages" until January 4, 2024, when Defendants provided information which would not have been previously discoverable because "the records are subject to confidentiality and proprietary to Bombardier." Dkt. No. 47 at p. 3. Unfortunately, the Court cannot assess the merits of Plaintiff's contention that certain documents produced by Defendants on January 4, 2024 are "supportive of [Plaintiff's] theory of

6

punitive damages" because Plaintiff has not included any of the referenced documents in his motion nor has Plaintiff made any effort to describe the documents or their impact on the claims in this matter. *Id.* However, even assuming, *arguendo*, that certain documents provided by Defendants did indeed support Plaintiff's proposed punitive damages claim, it is clear from the parties' correspondence, filed by Plaintiff in support of his present motion, that Plaintiff possessed the information necessary to move for the presently sought amendment prior to Defendants' January 4, 2024 production.[2]

A finding of good cause depends on an assessment of Plaintiff's "diligence." *Morel v. Goya Foods, Inc.*, No. 20-05551, 2022 WL 3369664, at *2 (D.N.J. Aug. 16, 2022; *see Konopca v. FDS Bank*, No. 15-01547, 2016 WL 1228844, at *2 (D.N.J. Mar. 29, 2016) (holding that to demonstrate good cause, the movant must show that greater diligence was "impossible"). Although Plaintiff's motion does not specify when Plaintiff discovered the information giving rise to his presently sought amendment, one of the news articles sent by Plaintiff to Defendants in support of Plaintiff's proposed amendment was published on April 30, 2015, and, according to a time/date stamp appearing in the top left corner of the attached article, appears to have been accessed by Plaintiff's counsel on May 10, 2023. Dkt. No. 41-9 at p. 21-29. Thus, it appears that Plaintiff was well-aware of the alleged basis for his proposed punitive damages claim by May 10, 2023, which was approximately three months prior to the expiration of the August 11, 2023 deadline to amend and nearly ten months prior to the filing of the present motion to amend. At the very latest, Plaintiff was aware of the information from which his proposed amendment arises on July 16, 2023 when

---

[2] Additionally, the Court notes that Plaintiff's proposed Amended Complaint is devoid of any detail which would indicate that information provided by Defendants forms the basis of Plaintiff's proposed claim for punitive damages and states only, in relevant part, that Defendants "had actual notice of the decrepit state of the [AirTrain] system, which according to Defendants themselves, required a completed system overhaul, at least as early as 2017, which plan was scrapped due to high cost." Dkt. No. 41-3 at p. 30, ¶ 2.

Plaintiff first sought Defendants' consent to amend. Despite being in possession of such information prior to August 11, 2023, at no time did Plaintiff request an extension of the applicable deadline. This lengthy and unexplained delay does not demonstrate the requisite diligence.

Accordingly, in light of the foregoing, the Court finds that Plaintiff has failed to establish good cause under Rule 16 and Plaintiff's motion for leave to file an Amended Complaint [Dkt. No. 41] is therefore denied.

## IV. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 6th day of August, 2024,

**ORDERED** that Plaintiff's motion for leave to file an Amended Complaint [Dkt. No. 41] is **DENIED**.

 s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**