

September 12, 2024

**Matthew Major**
973.735.5983 (direct)
Matthew.Major@wilsonelser.com

<u>**Electronically Filed**</u>
The Hon. James B. Clark, III, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

      **Re:**    **Matthew Penso v. Bombardier Transportation (Holdings) USA Inc., et al.**
               **Civil Action No. 23-474**

Dear Judge Clark:

      I represent the defendants Port Authority of New York and New Jersey and Bombardier Transportation (Holdings) USA Inc. (now known as Alstom Transport USA Inc.) ("Defendants") in the above-captioned matter. Despite my diligent efforts, I am constrained to file this letter to address my adversaries alarming conduct and request the Court's assistance to resolve a few outstanding fact discovery issues.

      During our August 7, 2024, status conference with the Court, I represented to your Honor that the parties were working together to resolve a few remaining fact discovery issues and that we were hopeful to do so without the Court's intervention. I was "hopeful" because Plaintiff's counsel previously agreed and promised to provide the outstanding fact discovery to which I was referring on our call with the Court, in exchange for my consent to their request to the Court for a 30-day extension of the July 30th deadline to serve expert reports. I held up my end of the deal; my adversaries have not. As a result, my clients now stand to suffer material and significant prejudice the longer these issues remain unresolved. I have made several attempts to resolve these issues without the Court's intervention, but my adversaries have now "dug in", are refusing to hold up their end of the bargain, and have taken what I consider to be a borderline frivolous positions with respect to the outstanding discovery issues addressed herein. I appreciate that the Court carries a heavy docket and is tending to matters of much greater significance, but for the reasons set forth below, I respectfully request that the Court order the outstanding discovery be promptly provided, or alternatively, schedule a conference on short notice to address these issues further.

7 Giralda Farms | Madison, NJ 07940 | p 973.624.0800 | f 973.624.0808 | wilsonelser.com

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Beaumont, TX | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO
Detroit, MI | Edwardsville, IL | Garden City, NY | Hartford, CT | Houston, TX | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA | Louisville, KY
Madison, NJ | McLean, VA | Merrillville, IN | Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orlando, FL | Philadelphia, PA | Phoenix, AZ
Raleigh, NC | San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Washington, DC | West Palm Beach, FL | White Plains, NY

301030359v.1

The unresolved discovery issues are summarized as follows:

1.  <u>Discovery Related to Prime Restaurant Group and Prime Subs</u>: My clients need paper discovery from and testimony on behalf of two California-based family businesses — Prime Restaurant Group ("PRG") and Prime Subs ("PS") (collectively, "Prime")—that Plaintiff alleged he was next in line to "take over" but for his accident, as this was relevant to damages and the credibility of the entire Penso family, including Plaintiff. I had been seeking this discovery since February from Plaintiff, his parents, and the two companies without any success.

As a matter of brief background, Plaintiff's counsel first disclosed the names of these two family businesses (*i.e.*, Prime Restaurant Group ("PRG") and Prime Subs ("PS") (collectively, "Prime")) back in January. Thereafter, Plaintiff's counsel provided the corporate addresses for service (*i.e.*, 4000 Barranca Parkway, Suite 250, Irvine, CA 92604) and I issued document subpoenas to each on February 22, 2024. Both subpoenas were personally served on Prime at their corporate addresses on February 23, 2024, and returnable March 13, 2024. Prime ignored the subpoenas and never timely raised any objections as required by Rule 45.

Plaintiff's father, Marc Penso, is the President of Prime. He is also a lawyer. Plaintiff's mother, Nancy Penso, is Prime's CFO. Plaintiff is Prime's Vice President. I deposed all three individuals in April and each witness testified as to the work Prime was ostensibly doing. Marc Penso testified that the value of Prime was $100,000,000, even though Prime had never made a single penny in revenue in its entire existence. When I asked Marc Penso *why* Prime ignored the subpoenas, he testified that the people at Prime's corporate address are not authorized to accept service.

Following the depositions, I served a notice to produce on Plaintiff seeking business-related records that were discussed during the depositions. I re-issued the two document subpoenas to Prime at the Penso's home address of 29 Camelia, Irvine, CA 92620. I also issued two new depositions subpoenas to Prime at the Penso's home address. The Penso's avoided service at their home, so Plaintiff's counsel eventually agreed to accept service given Plaintiff's status as an officer of Prime. But like before, Prime ignored the subpoenas and never raised any objections as required by Rule 45. Plaintiff himself also ignored the notice to produce. And on the eve of the subpoenaed depositions, Plaintiff's counsel opted to withdraw the "loss of earning potential/diminution of earning income/profit form Prime" and demanded that we withdraw all Prime-related discovery. For a whole host of reasons, I could not agree, and thus, the discovery has remained incomplete since.

We suspect that Plaintiff will argue that any discovery related to Prime is not relevant. This position, however, contradicts that of Plaintiff's own experts who have relied upon this information to formulate their opinions in this case (e.g., Plaintiff's future earning capacity based upon prior work and earning experience). It is also relevant as it goes to the credibility-or lack thereof-of the Plaintiff and the other members of Plaintiff's family.

Accordingly, I ask that the Court order Prime to respond (without objection) to the subpoenas and designate one or more corporate designees to appear for a deposition in California in early October.

2.  <u>Matthew Penso Certifications</u>: As the Court is aware, there is a standard confidentiality agreement in this case to which Plaintiff must abide with respect to materials marked, "Confidential." Plaintiff is not permitted the same type of access to materials marked, "Attorney's Eyes Only." In this case, we have produced thousands of pages of materials marked "Confidential" and "Attorney's Eyes Only." Though the depositions of my clients were being conducted live, in-person, Plaintiff wanted to attend virtually from his home in California where the rest of his family lives.

As we approached the depositions of my clients, the parties met and conferred and discussed ways to balance Plaintiff's right to "attend" a deposition with my clients' concerns over protecting and safeguarding confidentiality. Prior to the first deposition, I proposed the following solution to Plaintiff's counsel:

*If you are going to show or refer to materials protected under the confidentiality order, or if your questions are going to elicit responses with confidential material (which I suspect they will), your client can attend virtually provided that:*

*1.     You represent that only he has the link and that no one (other than you and him) are hearing or reading the testimony simultaneously as it is given (this includes real-time transcription);*

*2.     Your client is sworn in by the Court Reporter (just before my client goes) and confirms under oath: (1) he agrees to be bound by the confidentiality order; (2) he's in a room be himself; (3) he hasn't shared the link with anyone; (4) no one, other than him, is listening or watching; and (5) he is not recording the deposition in any matter;*

*3.     Your client also has to keep his camera and microphone on at all times just as if he were sitting in the deposition live.*

The next morning, before the first deposition began, Plaintiff's counsel represented to me that they would provide these representations via written declaration in lieu of being sworn-in to which I agreed. Yet, a compliant declaration was never provided. The same happened before my other client's deposition.

In addition to the confidentiality concerns highlighted above, my clients are concerned given what has previously transpired in this case. As the Court is aware, I traveled to California to depose Plaintiff and his parents in person, in early April. Prior to the depositions commencing, Plaintiff's counsel asked me if Plaintiff's father, Marc Penso, could sit in the room during Plaintiff's deposition. I said "no," as Marc Penso is not a party and is a fact witness and Plaintiff's counsel agreed. Since then, I have good reason to believe that Plaintiff's father (Marc Penso), and potentially others, covertly attended Plaintiff's in-person deposition from an adjacent conference room via a secret Zoom link.

Plaintiff has provided no justification for his position especially since this arrangement was agreed-to by his lawyers. His refusal to cooperate is very concerning, particularly in light of his father's prior conduct set forth above. Accordingly, I ask that the Court order Plaintiff to provide the complaint declarations.

I raised these issues with Plaintiff's counsel via several meet and confers. Plaintiff's counsel promised resolution in exchange for my consent to extend the expert deadline in this case. Plaintiff's counsel obtained the extension but have backed out of our deal.

As above, I appreciate that the Court carriers a heavy docket and is likely tending to matters of greater importance. That being said, I respectfully request that the above-referenced discovery be provided within 7 days. In the alternative, and assuming the Court's schedule permits, I ask that a telephonic conference be scheduled on short notice as my client's deadline to furnish expert reports is fast approaching.

As always, I thank the Court for its attention to and consideration of this matter.

Respectfully submitted,

By: s/ Matt Major
Matthew Major

cc: All Counsel of Record (via ECF)