

December 6, 2024

Matthew Major
973.735.5983 (direct)
732.939.8812 (mobile)
Matthew.Major@wilsonelser.com

**Electronically Filed**
The Hon. James B. Clark, III, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

  Re: Matthew Penso v. Bombardier Transportation (Holdings) USA Inc., et al.
     Civil Action No. 23-474

Dear Judge Clark:

  I represent the defendants Port Authority of New York and New Jersey and Bombardier Transportation (Holdings) USA Inc. (now known as Alstom Transport USA Inc.) ("Defendants") in the above-captioned matter. Moments ago, I filed a joint letter in which we seek an additional 30 days to serve defense expert reports due to a few remaining unresolved issues that exist between the parties. I now respectfully submit this letter to briefly highlight additional issues in further support of our request for a 30-day extension to serve defense expert reports. My adversaries have not consented to this request; however, for the reasons that follow, it is respectfully submitted that good cause exists and a brief extension is warranted.

  As the Court will see from the recent joint letter submitted, the parties have been unable to come to an agreement as to issues affecting the service of Defendants' expert reports—namely, the "raw data" forming the basis of the report of Plaintiff's expert Dr. Greenberg and the Court-Ordered documents and testimony sought from Prime Subs and Prime Restaurant Group. Defendants' psychology and economic experts have been unable to complete their reports without the requested data/testimony, and even in the event that the Court declines to grant Defendants' request for this data/testimony, additional time will be needed for these experts to adjust and complete their reports.

  In addition to what is set forth in the joint letter, Defendants are still attempting to obtain discovery from non-parties for which an extension of discovery is required. As an example, Plaintiff is still treating and has recently (belatedly) disclosed the names of several "new" providers for which we still do not have the medical records. Just this week, Defendants have received a batch of 18 signed authorizations from Plaintiff and will be collecting these records

7 Giralda Farms | Madison, NJ 07940 | p 973.624.0800 | f 973.624.0808 | wilsonelser.com

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Beaumont, TX | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO
Detroit, MI | Edwardsville, IL | Garden City, NY | Hartford, CT | Houston, TX | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA | Louisville, KY
Madison, NJ | McLean, VA | Merrillville, IN | Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orlando, FL | Philadelphia, PA | Phoenix, AZ
Raleigh, NC | San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Washington, DC | West Palm Beach, FL | White Plains, NY

305359389v.1



from the providers via Rule 45 subpoenas which will go out today. I learned of these medical providers during the continued deposition on October 29th and had medical authorization prepared and printed that same day, but Plaintiff unjustifiably refused to sign them until recently. Though we have been diligent, we still do not have the full medical record picture. We even learned that at least one of Plaintiff's medical providers was "instructed" not to produce any records to us which is very troubling.

Additionally, Plaintiff testified back in April that he was involved in a prior automobile accident and filed a lawsuit. Curiously, Plaintiff had no further details or information regarding the accident, the injuries he sustained, or the treatment underwent. It just so happens that Plaintiff was represented by his father in that lawsuit, so I spent the next several months chasing Plaintiff's father trying to serve him with a records subpoena. My attempts were unsuccessful, so I personally served Plaintiff's father with the subpoena on October 29, 2024, when I was in California for Plaintiff's continued deposition. Unsurprisingly, Plaintiff's father has thus far refused to comply (*See*, Exhibit A and B).

Lastly, and perhaps most egregiously, in October Plaintiff was ordered to search for and produce business records from Prime Restaurant Group after a nearly 6-month long battle (ECF 82). Plaintiff has not complied with that Order and in our joint letter filed moments ago, I highlight the fact that Plaintiff failed to produce business emails which he recently testified exist. Here, I wish to raise an issue regarding what *was* produced. On October 25, 2024, Plaintiff produced approximately 300 pages of corporate records, including tax returns and board meeting minutes. Plaintiff could not testify to the records at all and Plaintiff's counsel made improper redactions and marked all the records "Attorneys' Eyes Only – Subject to Confidentiality Order" which essentially prevented me from providing these records to my experts. As the Court will recall from our conference in October, I asked for these records so that I could specifically provide them to my experts. While in California for Plaintiff's continued deposition on October 29, 2024, I raised this issue with Plaintiff's counsel and asked them to let me share the records with my experts notwithstanding the improper designation. They promised to get back to me, but never did. (See Exhibit C). Thus, on November 19, 2024, I wrote a letter pursuant to the parties' discovery confidentiality order formally challenging the improper designations. Pursuant to Paragraph 8(a) of the discovery confidentiality order, Plaintiff's counsel was required to respond within 14 days—*i.e.*, on or before December 3, 2024, otherwise the "Attorneys' Eyes Only" designation on the records would be void. (See Exhibit D). As before, Plaintiff's counsel never responded, and therefore, the designations are deemed void. The problem, however, is that I was only able to provide these records to my experts this week, which leaves them little time to compete their reports by the current deadline.

For the reasons set forth in the joint letter and the additional reasons set forth above, I respectfully request a 30-day extension of the deadline for Defendants to serve their reports, or until January 14, 2025. This is Defendants' second request and Plaintiff will not be prejudiced if the Court grants the extension. In fact, it is Defendants who stand to suffer material prejudice if the extension is not granted.



- 3 -

As always, I thank the Court for its attention to and consideration of this matter.

                Respectfully submitted,

By:    <u>s/ Matt Major</u>
        Matthew Major

cc:    All Counsel of Record (via ECF)

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MATTHEW PENSO,

       Plaintiff,

                                                    Civil Action No. 2:23-cv-00474 (KM)(JBC)

      v.

PORT AUTHORITY OF NEW YORK
AND NEW JERSEY, BOMBARDIER
TRANSPORTATION (HOLDINGS) USA
INC., and JOHN DOE COMPANY #1-5
(fictitious name),

       Defendants.

RESPONSE and OBJECTION TO DEFENDANTS' SUBPOENA TO "LAW OFFICE OF MARC PENSO" TO TESTIFY IN A CIVIL ACTION

To:    Matthew R. Major, Esq.
        Gina V. Brignola, Esq.
        **WILSON, ELSER, MOSKOWITZ**
        **EDELMAN & DICKER, LLP**
        7 Giralda Farms, Suites 100/110
        Madison, New Jersey 07940
        Tel.: (973) 624-0800
        Fax: (973) 624-0808
        Gina.Brignola@wilsonelser.com
        *Attorneys for Defendants Port Authority of New York and New Jersey*
        *and Bombardier Transportation (Holdings) USA, Inc. (now known as*
        *Alstom Transport USA, Inc.)*

1

**OBJECTION TO SUPBPOENA:**

The Subpoena served upon Marc Penso on October 29, 2024, at the deposition of his son in the above captioned personal injury case at approximately 4PM IS HEREBY OBJECTED TO in whole and in part on the following grounds:

- The serving Party failed to comply with FRCP 45 *et seq*.
- The Subpoenaing Party also referred to as the "Requesting Party" failed to serve a copy of the subpoena on each party to the case BEFORE service upon the Responding party.
- The subpoena does not contain a specific place for performance and/or compliance.
- The "Date and Time" on the subpoena is unreasonable and provides an undue burden on the Responding Party to comply within very short specified short period of time i.e. nine (9) business days.
- The Subpoena does not contain the original signature or facsimile thereof, of the subpoenaing party's attorney.
- The Subpoena appears to request a personal appearance, but no fee was provided concurrently with the with the Subpoena.
- The Subpoenaed also referred to as the "Responding Party" is incorrectly named. No entity currently does business under the name "Law Offices of Marc Penso".

Without waiving ANY of the aforementioned objections or any other applicable objection, and with the express notice that the Responding Party asserts and will continue to assert said objections, as well as any and all objections articulated below, Responding Party responds to "Exhibit A" in the Subpoena as follows:

REQUEST:

Produce any and all of the following that are in your possession, custody, or control:

1. Your entire non-privileged file for any work that you performed on behalf of Matthew Penso relating to an auto accident occurring in or around May 2015 (the "accident"), but not limited to, the following:

    a. All non-privileged documents related to the accident;

    b. All pleadings and deposition and/or trial transcripts related to the accident;

    c. All documents reflecting non-privileged communications with any parties to the accident, including, but not limited to Matthew Penso, and their agents, employees, directors, officers, etc.;

    d. All documents and communications related to a claim for bodily injury benefits

2

    that was established. This includes communications with any motor vehicle carrier or individual(s) or attorney(s);

  e. All documents reflecting communications with any other person or entity with respect to the accident;

  f. All medical records in your possession related to Matthew Penso's alleged injuries as a result of the accident;

  g. All photographs and videos related to any injuries sustained or treatment received in connection with the accident;

  h. The reports of any expert witnesses, including medical expert witnesses, related to the accident.

RESPONSE and OBJECTION:

  The Request is OBJECTED to in that it calls for the Responding Party to produce Attorney-Client communications, Attorney work product and disclosure of proprietary and strategic litigation strategy. Additionally, the request(s) is overly broad and burdensome and outside the scope of what is discoverable under the F.R.C.P., is neither relevant nor calculated to lead to the discovery of relevant information. Subject to and without waving ANY of the articulated objections contained in this PLAINTIFF'S RESPONSE and OBJECTION TO DEFENDANTS' SUBPOENA TO TESTIFY IN A CIVIL ACTION, the Responding Party has determined that after a due and diligent search, the Responding Party is currently not in possession and/or has been unable to locate any responsive documents.

  NOTWITHSTANDING these objections, the Responding Party further responds and <u>informs</u> the Requesting Party regarding the specific requests below as follows:

REQUEST:

1. Your entire non-privileged file for any work that you performed on behalf of Matthew Penso relating to an auto accident occurring in or around May 2015 (the "accident"), but not limited to, the following:

   a. All non-privileged documents related to the accident;

      <span style="color:red">To the best of Responding Party's knowledge and recollection, no depositions or transcripts exist.</span>

   b. All pleadings and deposition and/or trial transcripts related to the accident;

   c. All documents reflecting non-privileged communications with any parties to the accident, including, but not limited to Matthew Penso, and their agents, employees, directors, officers, etc.;

   d. All documents and communications related to a claim for bodily injury benefits that was established. This includes communications with any motor vehicle carrier or individual(s) or attorney(s);

   e. All documents reflecting communications with any other person or entity with respect to the accident;

   f. All medical records in your possession related to Matthew Penso's alleged injuries as a result of the accident;

      <span style="color:red">If these are located, they will be produced.</span>

   g. All photographs and videos related to any injuries sustained or treatment received in connection with the accident;

      <span style="color:red">If these are located, they will be produced.</span>

   h. The reports of any expert witnesses, including medical expert witnesses, related to the accident.

4

<span style="color:red">To the best of Responding Party's knowledge and recollection, no experts were named in the case.</span>

REQUEST:

2.      A privilege log in accordance with the Federal Rules of Civil Procedure for all documents within your file that you withheld from production for any reason.

RESPONSE and OBJECTION:

Each and every objection articulated above is reiterated herein as if set forth at length. NOTWITHSTANDING these objections, the Responding Party further responds and <u>informs</u> the Requesting Party as follows:

No privilege log is being provided at this time as Responding Party has not had the opportunity to review any of the requested documents or the file (if any) as a whole. In the event that such review occurs, then Responding Party reserves the right to provide a Privilege log at that time if deemed appropriate..

PLEASE TAKE NOTICE that RESPONDING PARTY reserves its right to amend or supplement this response at any time up to and including trial.

Dated: November 10, 2024
Irvine, California.

Marc Gentry Penso, Esq.
marcpenso@yahoo.com

5

# EXHIBIT B



November 18, 2024

**Matthew Major**
973.735.5983 (direct)
Matthew.Major@wilsonelser.com

<u>**Via Email Only (marcpenso@yahoo.com)**</u>
Marc G. Penso
29 Camellia
Irvine, CA 92620

      Re:    Matthew Penso v. Bombardier Transportation (Holdings) USA Inc., et al.
               Civil Action No. 23-474

Dear Mr. Penso:

     As you are aware, I represent the Defendants in the above-captioned matter. I am in receipt of your November 11, 2024, "response and objection" to Defendants' Subpoena to the Law Office of Marc Penso. Please accept the following in lieu of a more formal response to your stated objections, which are not accepted by Defendants.

     First, objections in the District of New Jersey must be stated with specificity. Your blanket objection on the grounds that Defendants failed to comply with F.R.C.P. 45 *et seq.* is too broad; please specify how you believe Defendants failed to comply with the Rule and I will respond. Next, a copy of this subpoena was given to Matthew's counsel, Brian Vannella, on October 29, 2024. I gave Mr. Vannella the opportunity to give the subpoena to you and he declined, at which point I served you with the subpoena in the hallway. This was also the same subpoena I previously hired a process server to serve you directly. Accordingly, the subpoena was in fact provided to all parties before you were served and your objection in this regard is moot. I am also not aware of any requirement for an original signature on a subpoena and therefore reject this objection as well. Should you provide authority to the contrary, I will certainly reconsider.

     Further, and as you know, this deposition will occur via zoom. The "place" for performance and/or compliance is therefore wherever you choose to be for the deposition. Additionally, although I have been attempting to schedule this deposition for months, if the proposed date and time are not convenient to you, please provide a few alternatives and I will be happy to find a mutually agreeable date and time. Although this appearance is virtual, I will mail you a fee should you insist.

     Finally, pursuant to the Rule, objections must be lodged/raised within 14 days of service (here, November 12, 2024) and are thereafter waived. Accordingly, your attempt to extend this deadline by "reserving the right to raise additional objections" is improper, and any objections beyond November 12, 2024, will not be accepted.

7 Giralda Farms | Madison, NJ 07940 | p 973.624.0800 | f 973.624.0808 | wilsonelser.com

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO | Detroit, MI | Edwardsville, IL
Garden City, NY | Hartford, CT | Houston, TX | Indianapolis, IN | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA | Louisville, KY | Madison, NJ | McLean, VA
Merrillville, IN | Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orange County, CA | Orlando, FL | Philadelphia, PA | Phoenix, AZ | Portland, OR
Raleigh, NC | San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Tyler, TX | Washington, DC | West Palm Beach, FL | White Plains, NY



- 2 -

Regarding your preliminary responses to the subpoena, please be reminded that the request for your file for Matthew Penso as it relates to the May 2015 auto accident is clear in that it requests **non-privileged** documents and information. Your objections that the request calls for information protected by attorney client privilege and work product privilege and seeks "proprietary and strategic litigation strategy" lack merit and the responsive documents must be produced. Additionally, you failed to answer Demand No. 1 subparts (a) through (e) except to state that there are no deposition transcripts.

Please provide a deposition date and time as well as responses to each subpart within 5 business days, otherwise we will seek the court's intervention.

For the avoidance of doubt, we reserve all rights.

                                             **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**

                                             s/ Matt Major
                                             Matthew Major

cc:    Brian Vannella, Esq.
         Gina Nicasio, Esq.

# EXHIBIT C

## Major, Matthew

| | |
|---|---|
| **From:** | Major, Matthew |
| **Sent:** | Tuesday, October 29, 2024 1:00 PM |
| **To:** | 'Gina Nicasio'; 'Brian Vannella' |
| **Cc:** | Brignola, Gina |
| **Subject:** | RE: Penso v. Port Authority |

Brian and Gina –

Per our discussion and in light of the recent developments in the CA case, we are withdrawing our amendment to name your and your firm as witnesses at trial.

Also, we'd like to share the AEO business documents just produced to our economist. Please confirm we are permitted to do so, otherwise we will need to raise the issue with the Court.

Last, you agreed to let us remove the added language to the Stempler authorizations provided that we keep you apprised of scheduling. In this regard, we will copy you on the correspondences and let you know when interviews are scheduled.

Please confirm,

Matt

Matthew Major
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
7 Giralda Farms
Madison, NJ 07940
973.735.5983 (Direct)
732.939.8812 (Cell)
973.624.0800 (Main)
973.624.0808 (Fax)
matthew.major@wilsonelser.com



---

**From:** Major, Matthew
**Sent:** Thursday, October 3, 2024 8:31 PM
**To:** Gina Nicasio <gnicasio@eeplaw.com>; Brian Vannella <bvannella@eeplaw.com>
**Cc:** Brignola, Gina <Gina.Brignola@wilsonelser.com>
**Subject:** Penso v. Port Authority

Brian and Gina,

In lieu of a more formal correspondence, please be advised that my clients hereby amend their discovery responses and disclosures to identify the both of you (Gina Nicasio and Brian Vannella) and other presently unknown employees or agents of your law firm as witnesses that we may call at the time of trial.

Matt

1

Matthew Major
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
7 Giralda Farms
Madison, NJ 07940
973.735.5983 (Direct)
732.939.8812 (Cell)
973.624.0800 (Main)
973.624.0808 (Fax)
matthew.major@wilsonelser.com



# EXHIBIT D



November 19, 2024

Matthew Major
973.735.5983 (direct)
Matthew.Major@wilsonelser.com

**Via Email Only**
Brian J. Vannella, Esq.
Gina Nicasio, Esq.
Elefterakis, Elefterakis & Panek
80 Pine Street, 38th Floor
New York, NY 10005

      Re:    Matthew Penso v. Bombardier Transportation (Holdings) USA Inc., et al.
              Civil Action No. 23-474

Dear Mr. Vannella and Ms. Nicasio:

      As you are aware, I represent the Defendants in the above-captioned matter. I am in receipt of Plaintiff's October 25, 2024, responses to Defendants' demand for records from Prime Restaurant Group/Prime Subs. Please accept the following as Defendants' formal objection to the "Attorneys' Eyes Only" designation and redactions in the documents in accordance with Paragraph 8 of the Parties' Discovery Confidentiality Order.

      As you know, the "Attorney's Eyes Only" designation severely limits the permitted uses of the documents and is proper only for those documents or portions of documents that contain "highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party." There is no reasonable basis to designate the production in question as "Attorney's Eyes Only" as there is no evidence to indicate that disclosure is highly likely to cause harm to the business or competitive position of Prime Restaurant Group or Prime Subs, particularly as neither business as generated a single dollar to date, despite your client's father's outrageous valuation. Moreover, Defendants are essentially completely precluded from using the documents in any meaningful way, such as for cross-examination or to forward to their expert, rendering the production useless. At best, the documents can be marked as "confidential," which would protect Plaintiff's/the businesses' interests while also allowing Defendants meaningful use of the production.

      Defendants further object to the redactions in the documents, with the exception of any Social Security numbers. First, the redactions are not permitted under any Rule that I am aware of and are unnecessary if the documents are subject to the Discovery Confidentiality Order as the Order provides ample protection for Plaintiff's and/or the businesses' interests. More importantly, Defendants are entitled to discover these relevant, responsive documents in their entirety. If Plaintiff claims that the redacted portions of the documents are somehow privileged, then Plaintiff is required to produce a privilege log so that Defendants may assess whether the

7 Giralda Farms | Madison, NJ 07940 | p 973.624.0800 | f 973.624.0808 | wilsonelser.com

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO | Detroit, MI | Edwardsville, IL
Garden City, NY | Hartford, CT | Houston, TX | Indianapolis, IN | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA | Louisville, KY | Madison, NJ | McLean, VA
Merrillville, IN | Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orange County, CA | Orlando, FL | Philadelphia, PA | Phoenix, AZ | Portland, OR
Raleigh, NC | San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Tyler, TX | Washington, DC | West Palm Beach, FL | White Plains, NY



- 2 -

claim is properly asserted. However, as has been the case, your client consistently fails to provide compliant privilege logs.

Pursuant to Paragraph 8(a) of the Discovery Confidentiality Agreement, your response to the above objections is due within fourteen (14) days of the date of this correspondence. If you fail to respond within such time, the "Attorney's Eyes Only" designation shall be deemed void. As to the redactions, please produce unreacted versions of the documents, or a proper privilege log, within the same time period.

Please be guided accordingly.

        **WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP**

        <u>s/ Matt Major</u>
Matthew Major