## UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(973) 776-7700

CHAMBERS OF  
**JAMES B. CLARK, III**  
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE  
50 WALNUT ST. ROOM 2060  
NEWARK, NJ 07102

December 3, 2025

**LETTER ORDER**

Re:   **Penso v. Bombardier Transportation (Holdings) USA, Inc., et al.**  
       **Civil Action No. 23-474 (SDW)**

Dear Counsel,

Presently pending before the Court is a motion by Plaintiff seeking reconsideration of the Court's November 20, 2025 Order, which ordered the production of certain emails and documents related Plaintiff's role as Vice President of Prime Restaurant Group ("PRG"). *See* Dkt. No. 139.[1] For the reasons that follow, Plaintiff's motion for reconsideration [Dkt. No. 139] is **DENIED**.

Local Civil Rule 7.1(i) governs motions for reconsideration. *Agostino v. Quest Diagnostics, Inc.,* Civ. No. 04-4362, 2010 WL 5392688, *5 (D.N.J. Dec. 22, 2010) (citing *Bryan v. Shah,* 351 F. Supp. 2d 295, 297 (D.N.J. 2005)). Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of a matter which the party believes the Judge "overlooked" when it ruled on the motion. A motion for reconsideration under Rule 7.1(i) "shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge" and submitted with a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i).

---

[1] The Court notes that Plaintiff's brief in support of his motion for reconsideration exceeds the 15-page limit set forth in Local Civil Rule 7.2(b). *See* Dkt. No. 139-1.

1

The standard for reargument is high and reconsideration is to be granted only sparingly. *United States v. Jones,* 158 F.R.D. 309, 314 (D.N.J. 1994). A judgment may be altered or amended under Rule 7.1(i) if the movant shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 667 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)). Under this standard, courts have noted that "reconsideration is an extraordinary remedy, that is granted 'very sparingly.'" *Brackett v. Ashcroft*, Civil Action No. 03-3988 (WJM), 2003 U.S. Dist. LEXIS 21312, *5 (D.N.J. Oct. 7, 2003) (citation omitted).

The Court will grant a motion for reconsideration only if its prior decision overlooked a factual or legal issue that may alter the disposition of the matter. *United States v. Compactions Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999). "Reconsideration motions . . . may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of the judgment." *NL Industries, Inc. v. Commercial Union Ins. Co.,* 935 F. Supp. 513, 516 (D.N.J. 1996). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tishcio v. Bontex, Inc.,* 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1998).

As an initial matter, Plaintiff's motion is untimely. Pursuant to Local Civil Rule 7.1(i), "a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge." As set forth in the Court's November 20, 2025 Order, Plaintiff was

2

first ordered to produce the emails at issue (hereinafter the "PRG Emails") on October 1, 2024. Dkt. No. 82 at p. 1. Plaintiff did not move for reconsideration or otherwise object to the Court's Order. On December 17, 2024, Plaintiff was again ordered to produce the PRG Emails by January 17, 2025. Dkt. No. 91 at p. 1. Plaintiff did not move for reconsideration or otherwise object to the Court's Order. As the Court stated in its November 20, 2025 Order:

> Plaintiff's continuing repetition of the same assertions presented when the Court initially ordered the production of the PRG Emails nearly fourteen months ago, on October 1, 2024, is wholly unavailing. The Court has heard and disposed of Plaintiff's various arguments against the production of the PRG Emails on countless occasions over the past year and has entered multiple Orders, all of which Plaintiff seemingly views his compliance with to be optional, requiring Plaintiff to produce the PRG Emails pursuant to various deadlines. Despite Plaintiff's apparent disagreement with the Court's Orders in this respect, at no time has Plaintiff sought reconsideration of or filed an objection to any Order requiring the production of the PRG Emails. In light of Plaintiff's failure to challenge the Court's Orders requiring the production of the PRG Emails, entered by the Court after considering every one of Plaintiff's past and present arguments against such a production, there is no legitimate basis for Plaintiff to now object to the full production of the PRG Emails.

Dkt. No. 136 at p. 7-8. Again, Plaintiff was first ordered to produce the PRG Emails on October 1, 2024, so his deadline to move for reconsideration expired fourteen days after the entry of that Order. Accordingly, Plaintiff's present motion for reconsideration again objecting to the production of the PRG Emails is untimely and is therefore **DENIED**.

Although Plaintiff's motion for reconsideration is denied on the basis that it was filed far beyond the 14-day deadline set forth in Local Civil Rule 7.1(i), in the interest of reaching a final resolution of this issue, the Court will briefly address Plaintiff's substantive arguments in support of his request for reconsideration.

First, Plaintiff primarily objects to the Court's requirement that the PRG Emails be produced to Defendants without redactions on the basis that the PRG Emails "were redacted to remove highly confidential, private and protected data of third parties," including "Social Security Numbers," "Dates of Birth", "Tax ID numbers," "Trade Secrets," "Broker lists," "Confidential Recipes," "Payroll Records," "Contact information" and "Banking Information." Dkt. No. 139-1 at p. 9. Plaintiff claims that the Court's requirement that the PRG Emails be produced to Defendants in unredacted form "ignor[es] the magnitude of damage that production of the unredacted emails will do to Plaintiff, PRG, Plaintiff's family members and the third-parties whose confidential information is being disclosed." *Id.* at p. 11.

Unfortunately for Plaintiff, the parties' October 31, 2025 joint letter to the Court contains no claim that the redactions to the PRG Emails contained or were limited to personal identifiers such as social security numbers. Instead, Plaintiff's portion of the parties' joint letter stated Plaintiff's concerns that the production of the PRG Emails would include information subject to various "NDAs" which "explicitly prohibit disclosure of proprietary materials, business strategies and client information to unauthorized persons" and that Defendants "may contact third parties identified in [the PRG Emails], which would irreparably damage PRG's reputation and business relationships for PRG's other partners." Dkt. No. 135 at p. 1-2.

The Declaration of Matthew Ryan Penso, attached to the parties' joint letter, claims that during his time with PRG, Plaintiff had been "provided" with "very sensitive" information which "contains identifying information related to third-party individuals," including, as an example, that "when provided with payroll data, it would often include personal information such as Social Security Numbers." Dkt. No. 135-1, Penso Decl. at ¶ 5. Although Plaintiff's Declaration continued on to assert that the disclosure of the foregoing information "would be equivalent to a massive data breach" and

4

would "result in the immediate breach of numerous [NDAs]," at no point has Plaintiff specifically claimed that the PRG Emails contain personal information of third parties, such as social security numbers. *Id.* at ¶¶ 6, 10. Accordingly, because Plaintiff never requested to redact personal identifiers of third parties, instead focusing on assertedly proprietary and confidential business information, the Court did not rule on any such request and it is therefore not properly before the Court in Plaintiff's present motion.

The Court finds Plaintiff's continued assertion that the production of the PRG Emails would amount to "forced data breach" to be wholly unavailing. Dkt. No. 139-1 at p. 12. As set forth in the Court's November 20, 2025 Order, Plaintiff's concerns are addressed by the Discovery Confidentiality Order ("DCO") governing this case. *See* Dkt. No. 27. The DCO permits any party or third-party to this litigation to designate at Attorneys' Eyes Only "any information, document, or thing, or portion [thereof] that contains highly sensitive business or personal information, the disclosure of which is likely to cause significant harm to an individual or the business or competitive position of the designating party." Dkt. No. 27 at ¶ 2. This definition certainly covers all areas of concern expressed by Plaintiff, and nothing in the Court's November 20, 2025 Order prevents Plaintiff from designating any and all qualifying information as Attorneys' Eyes Only under the DCO.

Plaintiff's assertion that that the release of the "unredacted" PRG Emails "without any kind of protective arrangement" would amount to a data breach is simply without merit. The "protective arrangement" Plaintiff seeks already exists in the form of the DCO governing this matter, to which both parties consented. Dkt. No. 139-1 at p. 16. By Plaintiff's logic, parties to any litigation would be freely able to redact or decline to produce any and all proprietary and confidential business and personal information even in the presence of a mutually consented to confidentiality order. There is

simply no support for Plaintiff's assertion in this regard, especially in light of the DCO and the protections offered therein.

Secondly, Plaintiff's motion seeks "reconsideration and clarification" of the Court's denial of all other relief requested by Plaintiff in the parties' October 31, 2025 joint letter. Dkt. No. 139-1 at p. 12. Plaintiff claims that "[i]t remains unclear what 'all other relief requested' is being denied." *Id.* Although the Court cannot detect any opacity in its unequivocal statement that all other relief sought by Plaintiff in the parties' October 31, 2025 joint letter is denied, and it appears to the Court that Plaintiff simply disagrees with the Court's denial of the relief sought, the Court will attempt to address Plaintiff's declared confusion.

In the parties' October 31, 2025 joint letter, Plaintiff sought additional relief in two areas. First, Plaintiff requested the entry of an "additional protective order" providing that all PRG Emails remain designated as Attorneys' Eyes Only, preventing Defendants and their counsel from contacting any third-party individuals or businesses identified in the PRG Emails, requiring Defendants to "indemnify and hold harmless Plaintiff, PRG and its officers for any loss or liability arising from any violation of NDAs or confidentiality obligations," and requiring Defendants to "agree to destroy all emails immediately upon closure of this litigation." Dkt. No. 135 at p. 2. Although the Court unequivocally denied any such additional relief, Plaintiff seeks "clarification" of that denial. Nothing in the Court's Order prevented Plaintiff from designating qualifying documents as Attorneys' Eyes Only and the DCO requires that all confidential information produced in this matter be returned to the producing party or, if requested, destroyed upon conclusion of this litigation, rendering the relevant additional relief requested by Plaintiff unnecessary and redundant. Dkt. No. 27 at ¶ 16. Plaintiff has provided no legal or factual support for the entry of an order preventing Defendants' from contacting any third-party identified in the PRG Emails or indemnifying Plaintiff and others associated with PRG for any

6

liability incurred as a result of the production of the PRG Emails. Accordingly, the additional relief sought by Plaintiff in this respect, was, and continues to be, denied.

The second area of additional relief sought by Plaintiff and denied by the Court involves Plaintiff's assertion that Defendants have failed to produce "insurance information as required by [Federal Rule of Civil Procedure] 26(a)(1)(A)(iv)." Dkt. No. 135 at p. 3. According to Plaintiff, Defendants had not produced "complete and accurate copies of their insurance policies." *Id.* In response, Defendants stated that they had "provided the declarations sheets for the entirety of [the] insurance tower . . . subject to the confidentiality provisions" of the DCO. *Id.* at p. 4. As an initial matter, the parties were directed to file a letter regarding the production of the PRG Emails, and at no point did Plaintiff raise any issue with Defendants' disclosures or request that any such issue be brought before or considered by the Court. When Plaintiff did, without leave, raise the issue in the parties October 31, 2025 joint letter, Defendants confirmed that all such information had been produced, and the Court, in light of that confirmation, denied any further relief sought by Plaintiff. Furthermore, in his motion for reconsideration, Plaintiff appears to acknowledge that Defendants have indeed produced the requested information and have recently corrected a previous inaccurate disclosure. Dkt. No. 139-1 at p. 23. Despite Plaintiff's seeming acknowledgment that all such information has indeed been produced, Plaintiff contends that "[c]larification is necessary to confirm . . . that such production is complete and accurate." *Id.* To the extent Defendants' production contains any errors or omissions, Defendants are under a continuing obligation to correct those errors or omissions without any further order of this Court. Accordingly, any further "clarification" or "reconsideration" regarding this issue is denied.

Plaintiff's remaining arguments, that the Court somehow lacks jurisdiction to compel the production of documents in PRG's possession [Dkt. No. 86 at 17:13-22], that the PRG Emails violate the proportionality requirement of Federal Rule of Civil Procedure 26(b)(1) [Dkt. No. 92 at 10:5-11:9],

7

and that the PRG Emails are irrelevant [Dkt. No. 92 at 11:17-21], were all addressed by the Court prior to the Court's November 20, 2025 Order on dates well outside Local Civil Rule 7.1(i)'s 14-day time limit and are therefore not subject to reconsideration or any other objection. In light of the foregoing, Plaintiff's motion for reconsideration [Dkt. No. 139] is **DENIED**. Plaintiff shall fully comply with the Court's November 20, 2025 Order and produce all PRG Emails in unredacted form by **December 5, 2025**. Failure to do so will result in the immediate imposition of sanctions, up to and including the recommendation of the dismissal of Plaintiff's claims based upon his continued failure to cooperate in discovery and comply with the Orders of this Court.

**IT IS SO ORDERED.**

                                                      s/ James B. Clark, III
                                        **JAMES B. CLARK, III**
                                        **United States Magistrate Judge**