**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MATTHEW PENSO,<br><br><br>Plaintiff,<br><br>v.<br><br>PORT AUTHORITY OF NEW YORK AND NEW JERSEY, BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., (now known as ALSTOM TRANSPORT USA INC.("ALSTOM")) and JOHN DOE COMPANY #1-5 (fictitious designations),<br><br>Defendant. | CASE NO.: 2:23-cv-00474 (SDW) (JBC)<br><br><br>**ORDER** |

THIS MATTER having been opened to the Court upon the joint request of all parties following the Court's March 31, 2026 conference concerning finalization of the settlement documentation in this matter; and

WHEREAS, the parties previously advised the Court that this matter was resolved by confidential settlement, but thereafter reached an impasse concerning whether any Liability Medicare Set-Aside ("LMSA") or similar allocation for future Medicare-covered treatment was required before the settlement could be consummated; and

WHEREAS, the parties submitted for the Court's review the March 11, 2026 memorandum of Compass MSA Services opining that no LMSA is warranted for Matthew Penso under the present facts, including that Plaintiff is not a current Medicare beneficiary, was previously denied SSDI benefits, and has represented that he has no intention of appealing or reapplying for such benefits within the next 30 months; and

WHEREAS, the Court further notes the parties' joint representation that judicial review and approval of the Compass opinion will satisfy the parties' obligation to

take reasonable steps to consider and protect Medicare's potential future interests in connection with the settlement; and

WHEREAS, based upon the specific facts presented, including Plaintiff's age, present non-Medicare status, prior SSDI denial, and stated intention not to appeal that denial, the Court finds that the parties have taken reasonable steps to evaluate Medicare's future interests and that no separate LMSA allocation is reasonably necessary to finalize this settlement at this time;

IT IS on this 15th day of April, 2026,

**ORDERED** that the Court approves the parties' consideration of Medicare's potential future interests as reflected in the Compass memorandum dated March 11, 2026; and it is further

**ORDERED** that, based on the facts presently before the Court, no Liability Medicare Set-Aside or other segregated future medical allocation is required as a condition of settlement in this matter; and it is further

**ORDERED** that the parties may rely upon this Order in finalizing the settlement agreement, release, and dismissal documentation.

BY THE COURT:

*s/James B. Clark, III*
**Hon. James B. Clark, III, U.S.M.J.**