

Domenic B. Sanginiti, Jr., Esq.
Direct Dial: 609.895.7399
Email: dsanginiti@stark-stark.com
Laura R. Pastore, Paralegal
Direct Dial: 609.895.7383
Email: lpastore@stark-stark.com

June 23, 2026

Honorable Susan D. Wigenton, U.S.M.J
United States District Court
District of New Jersey
Martin Luther King Jr. Federal Building
50 Walnut Street
Newark, New Jersey 07102

Re:    Matthew Penso v. Port Authority of New York and New Jersey, et al.
       Civil Action No. 2:23-cv-00474 (SDW)(JBC)

Dear Judge Wigenton:

As Your Honor is aware, this firm represented plaintiff Matthew Penso in the above-referenced action. Consistent with the Court's requirements concerning pre-motion practice, the undersigned submits this letter to outline a contemplated motion arising from an unresolved attorney's charging lien asserted by Plaintiff's prior counsel, Elefterakis, Elefterakis & Panek ("EEP") who voluntarily withdrew.

The underlying dispute between the parties has been fully resolved, and the parties are otherwise prepared to close the case. However, EEP has asserted a charging lien against the attorney's fees, and the parties have been unable to reach agreement as to that lien. Although EEP has noticed its claimed lien, it has not initiated any proceeding to establish the validity or amount of its claim, and the docket cannot be cleared while this unresolved lien continues to encumber the resolution. Instead, EEP has taken the unusual step of notifying their former client directly (without notifying his current counsel) that they intend to enforce their New York fee agreement and seek a fee of 33%, thereby disregarding and bypassing New Jersey Court Rule 1:21-7.

New Jersey's attorney-lien statute, N.J.S.A. 2A:13-5, provides that, after the filing of a complaint, the attorney who appears for the party instituting the action "shall have a lien for compensation upon his client's action" that attaches to any verdict, judgment, or final order in the client's favor and to the proceeds thereof, and further authorizes "the court in which the action or other proceeding is pending, upon the petition of the attorney or counsellor at law," to determine and enforce the lien. The New Jersey Appellate Division has held that such a lien must be enforced by a complaint or petition, not by an assertion alone. In *H. & H. Ranch Homes, Inc. v. Smith*, the Appellate Division explained that the attorney should proceed by petition, set forth the factual basis for the lien, and request that the court establish a schedule for discovery, pretrial proceedings, and trial; the lien dispute is to be resolved as a plenary matter.

Here, EEP has asserted a lien but has not filed the petition or comparable application contemplated by N.J.S.A. 2A:13-5, nor has it provided the factual showing necessary for the Court to adjudicate



the claimed lien. As a result, the attorney's fees remain encumbered by a dormant notice that is inconsistent with the statutory procedure and prevents administrative closure of this action.

In light of the foregoing, the undersigned seeks leave to file a motion requesting that the Court direct EEP, within thirty (30) days, either (a) to initiate appropriate lien-adjudication proceedings in this Court by filing a petition or motion that complies with N.J.S.A. 2A:13-5 and proposing a schedule for limited discovery and briefing, or (b) to withdraw and discharge with prejudice EEP's asserted lien so that the case may be closed. If EEP fails to act within that period, the undersigned would ask the Court to deem the lien forever discharged and any claim to attorney's fees by EEP relating to this action, forever waived.

The undersigned appreciates the demands on the Court's docket and raises this issue only because, absent court involvement, the parties cannot bring this resolved matter to a formal and final conclusion, and the plaintiff will continued to be harassed by his former counsel over fees that they cannot collect without this Court's blessing. The undersigned therefore respectfully requests the Court's permission to file the contemplated motion, and, if the Court believes it would be helpful, to appear for a brief conference to address the procedure and timing.

Respectfully submitted,

STARK & STARK PC

By:    /s/ *Domenic B. Sanginiti, Jr.*
        DOMENIC B. SANGINITI, JR.

DBS/lrp

cc:  Brian Vannella, Esquire, of Elefterakis, Elefterakis & Panek

4914-8207-9415, v. 1